NEW-YORK,
Nov. 1810.

WASHBURN
v.
M'INROY.

------※------

<div align="center">WASHBURN, <em>qui tam</em>, &c. <em>against</em> M'INROY.</div>

<p style="margin-left:2em; text-indent:-2em;"><em>In an action qui tam, on the 7th section of the tavern act, (34 sess. c. 164.) for retailing liquors, &c. without a license, the plaintiff, though he states and proves several distinct offences, can recover only one penalty.</em></p>

THIS was an action of *debt*, tried at the *Washington* circuit, *June*, 1810, before Mr. Justice *Van Ness*. The declaration contained *sixteen* counts, for retailing strong and spirituous liquors, to be drank in the house of the defendant, not having any permit, or license, to retail strong and spirituous liquors, for the purpose of keeping an inn, or tavern, contrary to the provisions of the act entitled " an act to lay a duty on strong liquors, and for regulating inns and taverns." (24 sess. c. 164.) The offences were charged to have been committed on the

4th *July*, 1809, and from day to day, *Sundays* excepted, to the 20th *July*, in the same year. The plaintiff sued under the 7th section of the act, which gives a penalty of 25 dollars, for every offence; and by the 16th section of the act, one half of the penalties recovered, are to be paid to the overseers of the poor of the city or town, where the offence happens, and the other half, to the person suing for the same. At the trial, the plaintiff produced a witness, to prove the sale of one gill of brandy, at the store of the defendant, which is distinct from, and opposite to, his house, in *Argyle*. The defendant objected to the witness, as incompetent, being an inhabitant of the town of *Argyle*; but the objection was overruled by the judge. The defendant then objected to the plaintiff's proving more than one offence; but this objection was overruled by the judge. The plaintiff then produced witnesses, who proved the sale of liquors, by retail, to five several persons, at several times, which were drank in his store, previous to the 4th *July*, 1809, and on the 4th *July*; and one of the witnesses testified, that he had frequently seen the defendant sell liquors, by retail, during the summer of 1809, which were drank in the defendant's store.

The defendant moved for a nonsuit, which was overruled by the judge, who directed the jury to find a verdict for the plaintiff, for 75 dollars; and the jury found a verdict accordingly.

A motion was made to set aside the verdict, on the following grounds.

1. That the witnesses, being inhabitants of the town of *Argyle*, ought to have been rejected, as interested.

2. That the testimony ought to have been confined to the days on which the offences were charged, in the plaintiff's declaration, to have been committed.

3. That several penalties cannot be joined in one de-

claration; and that only one penalty could be recovered.

*Per Curiam.* The only points worthy of consideration are, whether the act inflicts more than one penalty for the offence of selling liquors without a license; and, if it does, whether there can be more than one penalty recovered in one action.

The 7th section ordains, if any person shall sell strong or spirituous liquors, by retail, without having such license, or, if any person shall sell, &c. to be drank in his house, &c. without having entered into such recognisance, every person who shall be guilty of either of the offences aforesaid, shall, *for each offence*, forfeit 25 dollars. Adopting the principle which guides in the construction of penal statutes, that they are to be construed strictly, the forfeiture of 25 dollars is not incurred for every offence against either of those provisions, but the words, *each offence*, used in the section, impose the forfeiture of 25 dollars upon the offence of selling without a license, and also 25 dollars for the offence of selling to be drank in the house, &c. without having entered into a recognisance. The terms, " for each offence," in other words, subject the offenders, in either of those cases, to one forfeiture for each of the two enumerated offences.

The 18th section provides, that whenever any suit shall be commenced, *and a recovery had for a penalty*, for selling liquors without a license, such recovery shall be a bar to all prosecutions for offences of the like nature, committed before such recovery.

This section confirms the construction, and shows, that the legislature intended that there should be a recovery for a single penalty only, not only by the words, " and a recovery had for a penalty," but by declaring, that such recovery, that is, a recovery for a penalty, shall be a bar, as to offences committed before such recovery. If a multiplicity of offences can be sued for,

NEW-YORK,
Nov. 1810.

in one suit, the protection, afforded by this section of the act, against prosecutions for offences, committed before the recovery, is entirely defeated and frustrated.

The court is, accordingly, of opinion, that, at all events, but one penalty is recoverable, in one action, and that recovery bars all antecedent offences. Upon the plaintiff's remitting 50 dollars of his verdict, he may enter up his judgment, for the remaining 25 dollars.

<div align="center">Judgment accordingly.</div>