*379 OPINION of the Court, by
Judge Owslev.
— De-lanv purchased of Vaughn a negro woman, at the price of 8 350, paid 8 200 down and promised to pay the re- ' siduei To recover the residue Vaughn brought this suit in the court below. Non assumpsit was pleaded, ánd issue joined thereon. On the trial in that court Belany urged as a defence to the action, the commission *380 of a fraud by V-aughn in the sále of the negro, and pro® duced • evidence to establish the charge. Vaughn’s counsel in his concluding speech to the jury stated that jf they found a verdict for Delany he would hold the negro for the S 200 paid, and that he might sue Vaughn for the alleged fraud. The counsel for Delany then moved the court to instruct the jury that the statements of Vaughn’s counsel were not law, but it there was a general verdict found for Delany neither party could thereafter set up or claim the benefit of the contract. The court overruled the motion and refused to give the instructions asked. Exceptions were taken to the opinion of the court, and verdict and judgment obtained by Vaughn; from which judgment this appeal has been prosecuted.
The only question for decision in this case is, should the court below have given the instructions to the jury ?
It is tbe peculiar province of courts to decide questions of law, and it has been repeatedly held and should now be considered as incontrovertibly settled, that either party to a cause has a right, any time during the progress of a trial, to the instructions of the court on points of law relevant to the matter in contest.
That the instructions which were asked in this case, but refused by the court, are not matter of speculation, (as the court below seems to have supposed) but matter of law and relevant to the matter in contes¿, we think abundantly evident. The court were asked to instruct the jury as to the effect of a verdict, if found for Dela-ny. That effect could only be ascertained by the conclusion of law deduced from the verdict, and consequently forms an inquiry peculiarly proper for the decision of the court. And as the consequences of the verdict might, and in all probability did influence the decision of the jury, either party by motion had a right to the instructions of the court in relation thereto. As, therefore, the instructions of the court were asked on a point of law relevant to the matter in contest, we are next led to inquire imo the leg 1 effect and consequences of a general verdict in favor of Delany : for if such ¾ verdict would not have the effect staled by Vaughn’s counsel in his concluding speech to the jury, then the court erred in withholding their instructions to that effect. It was competen^ lor Delany on the issue joined- *381 to avail himself of any defence by which the contract with Vaughn might.be shewn tobe void : for that purpose he relied on the fraud of Vaughn, and produced evidence to that point. To authorise a verdict in favor of Delanv under such a defence, it was indispensable for him to establish a fraud, attendant with such circumstances as would make void the contract. If then a verdict could not regularly be found for Delany, unless the contract by reason of the fraud was proven to be void, it is plain a general verdict in favor of Delany would necessarily imply such a fraud had been committed, and be conclusive in any future contest between the parties that the contract was void.
As, therefore, a verdict for Delany could only be given on the supposition of the contract being void, it is clear after such a verdict he could not hold the negro under the contract; and consequently the court below should so have instructed the jury. We are therefore of opinion the court below erred in refusing to give the instructions asked to the jury.
Judgment reversed with costs, and the cause remanded for a new trial to be had on the issue joined.