Mr. Chief Justice Johnson delivered the opinion of the court. The objection to William Byers as a witness was not well taken. It was not sufficient to exclude him, simply to show that he was the attorney of the plaintiffs. His testimony, however, as to the value of the property described by him was not admissible under the money counts. In order to have authorized this testimony under these counts, it was first necessary ihatit should have been shown that the title to the property was in the plaintiff’s intestate, and that it had either been reduced to money by Welch, or that he had done such acts as to amount to a receipt of money. The plaintiffs having elected to sue in assumpsit, they will necessarily be held to the rules and principles which are applicable to that form of action. Where a party has such a cause of action as would support trespass, trover or replevin, he cannot, by simply making a demand of the property and receiving a refusal, enable himself to maintain assumpsit. A mere demand and refusal cannot of themselves amount to a conversion of the goods into money, nor can they alone constitute such facts as will raise a legal presumption of the receipt of money. The court of appeals of Kentucky, in the case of Lucket vs. Bohannon, (3 Bibb 379,) said : “ If then we are correct in the construction of the nature of Bohannon’s demand, it is clear the evidence produced by him does not maintain the issue on his part; for it is clear an action for money had and received, or for money laid out and expended, cannot be maintained where no money has been received or paid, and in this case the evidence proves property and not money was received by Lucket.” The rule laid down in this case is correct, so far as it goes, but it does not cover the whole ground occupied by the same court at a more recent period. For, in the case of Madison's exs. vs. Wallace's exs., (7 J. J. Marsh.,) the same court held this language, to wit: “ The authorities use the terms, actually received or advanced money. There are cases where money is considered as received or advanced when it- is not actually done. The same doctrine is held by the New York cases. It was said, in Washburn vs. McInvoy, (7 John. 134,) that, “It is not necessary in all cases to give positive evidence that the defendant had received money belonging to the plaintiff. Where, from the facts found, it may be fairly presumed he has received the plaintiff’s money, the action for money had and received is maintainable.” See, also, Beardsley vs. Root, (11 John. R. 469.) It was not in proof that Welch had collected the money due upon the notes, county scrip, &c., or-that he had sold any of the property; nor was it shown that he had done such acts as to raise a fair presumption of the receipt of the money. We consider it clear, therefore, thatthe evidence was not competent, under the money counts. The question now is, whether it was competent, and, if so, whether it was sufficient to support the count for goods sold and delivered. The admission of Welch, as to the purchase of the goods, was unquestionably competent under the count for goods sold and delivered. It is true that, at the same time that Welch admitted the purchase, he asserted his right of property, and further said that the plaintiffs could not have it unless they should get it according to law. It will be remarked that, in the conversation with Byers, he did not state the sum that he had paid for the property, nor did he say that he had paid for it. He merely asserted that he had purchased the property, that he claimed it as his own, and that if the plaintiffs got it they would get it according to law. This assertion of right, although it may have been understood by the jury, in the exercise of their discretion, as including the idea that he had also paid for it, yet it did not necessarily, by the mere force of the language, exclude a contrary conclusion. He may have purchased the property, and the title may actually have vested in him and become complete by delivery, and yet he may not have paid one solitary cent of the purchase money. Admitting the rule, therefore, in its fullest extent, that all he said in the same conversation shall be received as well for as against him, and still the jury were authorized to say that the purchase money had never been paid, and of course to find accordingly. This view of the case is strengthened by the further testimony of Byers, on cross examination, when he said he enquired of Welch how he had purchased or paid for the property, and that he gave him no satisfaction as to that matter. The sale having been established by the admission of Welch, in the absence of proof as to the price stipulated by the parties, and no evidence tending to show payment, the law would necessarily allow a fair and reasonable value The testimony of Byers, therefore, when he testified from his own knowledge was clearly competent, but what he spoke of as to the opinion of others in relation to the value of property, was wholly incompetent, and should have been excluded. The testimony of Kellet was properly received. What he said in relation to the moneys that had been collected and paid over to Welch was competent under the count for money had and received ; and if the defendant offered to show the assignment upon the notes as evidence of his title, and also to raise a presumption of payment, it was fully competent for the plaintiff to rebut such presumption by evidence tending to show that such assignment had not in reality been made by the party by whom it purported to have been made, but that on the contrary it was a mere forgery. There can be no doubt but that it was perfectly competent for the jury to pass upon the evidence offered upon that point. The plaintiffs were not entitled to the evidence sought from the witness Harlow. His knowledge of the state of case, as derived from a former trial, was entitled to no weight upon this, nor indeed competent in any point of view; and if Mr. Cook knew any thing which would result in the advantage of the plaintiff, he was the best witness to testify as to that matter. We are of opinion, however, that, upon a full view of the testimony, there was not sufficient, which was relevant and competent, to authorize the amount found by the jury, and that for that reason a new trial ought to have been awarded. We now come to comment upon the instructions. The first asked by the defendant below was properly excluded, as it was too much restricted to satisfy the rule. The plaintiffs were not necessarily required to show the actual receipt of money under the money counts, as we have already seen from the authorities that it is perfectly legitimate to show such a state of facts as are calculated to raise a presumption of the receipt of money. The second was improperly given, as it was not essential, under the count for goods sold and delivered, that the plaintiffs should have shown actual title. If it appeared that the plaintiff’s intestate had the possession and exercised acts of ownership over the property, and that Welch purchased it from him, it was all sufficient to warrant a recovery. The third is substantially the same with the first, and consequently was properly excluded. The fourth was properly given. It is undeniable that possession of personal property is evidence prima facie of title. The fifth was not technically correct, as it contemplated that, before the plaintiffs could recover under the count for goods sold and delivered, they should show that the intestate had the actual title to the property, and that the same went into the hands of the defendant and were also actually used by him. We have already seen that possession in the plaintiffs’ intestate and a purchase by the defendant, are all that would be required by law to fix the liability of the latter. The sixth should have been excluded, as it is manifest that the plaintiffs could not be permitted to make evidence for themselves. The seventh instruction, we have already ruled, was strictly and technically correct. The plaintiffs were not required to show positively that the defendant had actually received money under the money counts, but it was all-sufficient if it appeared that such facts existed as to satisfy the jury that he had received an equivalent. After the court had disposed of the instructions aslced by the defendant, the plaintiff submitted the following, to wit: “ A party has a right, where another has taken possession of his property and refuses to give it up, to waive the tort and sue in as-sumpsit and recover the value of the property.” This instruction asserts a mere abstract principle, and consequently is not entitled to our consideration. From the admission of Welch, which is the only evidence going to show possession in him, there was no tort to waive, but that, on the contrary, he became possessed of the property lawfully and by virtue of a purchase from the. plaintiffs’ intestate. The juddment of the court below must therefore be reversed, and the cause remanded.