STATE and another, Respondents, vs. WISCONSIN CENTRAL RAILWAY COMPANY, Appellant.

*November 6—November 26, 1907.*

*Appeal and error: Former decision: Law of the case: Forfeitures: Cumulative penalties: Railroads: Rate of speed.*

1. The decision of the supreme court sustaining an order overruling a demurrer to a complaint becomes the law of that case and binding not only on the trial court, but also on the appellate court on review of the result of a subsequent trial of the same action.
2. Secs. 1809, 1819, Stats. (1898), limiting the speed of railroad trains in all cities and villages and imposing a penalty for "each and every violation," are penal and to be so construed, and, being plain and unambiguous, are not open to construction, and authorize the collection of cumulative penalties.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge.  *Affirmed.*

This action was brought by Wm. N. Martin, district attorney of Waupaca county, in the name of the state of *Wisconsin* and *Charles F. Crane,* against the defendant, under secs. 1809, 1819, Stats. (1898), and particularly under that portion of sec. 1809 which relates to rate of speed of trains and locomotives within incorporated cities and villages before

having passed all the traveled streets thereof. The case was here before on appeal from an order overruling a demurrer to the complaint, and the order of the court below was sustained. *State v. Wis. Cent. R. Co.* 128 Wis. 79, 107 N. W. 295. The complaint charges several violations of the statute by defendant in running its trains at a speed exceeding six miles per hour through the village of Weyauwega between April 11th and 14th, inclusive, 1905, as follows: One violation on April 11th, three on April 12th, four on April 13th, and three on April 14th. The defendant denied the material allegations of the complaint. The jury found one violation on April 11th, two on April 12th, three on April 13th, two on April 14th, making eight violations in all between April 11th and 14th, inclusive, and for each violation assessed damages against the defendant at $75, aggregating $600, for which sum judgment was rendered in favor of the plaintiff and against the defendant, together with costs, from which judgment this appeal was taken.

For the appellant there was a brief by *Thos. H. Gill* and *Walter D. Corrigan,* and oral argument by *Mr. Corrigan.*

For the respondents there was a brief by the *Attorney General* and *J. E. Messerschmidt,* third assistant attorney general, and oral argument by *Mr. Messerschmidt.*

KERWIN, J. 1. But two questions need be considered upon this appeal: First, the sufficiency of the complaint; second, the right to recover cumulative penalties. A very vigorous attack is made upon the constitutionality of the law by the appellant, and it is insisted that the decision upon the former appeal is not binding upon this appeal. The complaint alleged violations of the statute in running trains through the village of Weyauwega at the point in question, and the demurrer admitted these facts, and upon the former appeal it was determined that the complaint stated a good cause of action and that the law was constitutional. On the trial the

facts alleged in the complaint were proved and judgment because of the violation of the law awarded. The constitutionality of the law as applied to the village of Weyauwega and the sufficiency of the complaint, therefore, were determined by this court on former appeal, and under the well-settled doctrine of this court such decision is binding not only upon the court below, but upon this court on a subsequent trial in the same action. *McCord v. Hill,* 117 Wis. 306, 94 N. W. 65; *Shaft v. Carey,* 115 Wis. 155, 90 N. W. 427.

2. The only remaining question to be considered is whether the plaintiff was entitled to judgment for cumulative breaches of sec. 1809, Stats. (1898), or whether he must be confined to recovery for but one forfeiture in the action. This is an interesting question, and is governed by the statute imposing the penalty. The jury found that between the 11th and 14th of April, 1905, there were eight violations of sec. 1809 by defendant, and awarded $75 damages for each. It is insisted by appellant that but one penalty can be recovered, and by respondent that plaintiff is entitled to recover for each and every violation of this statute which occurred between April 11 and 14, 1905. Sec. 1809, ch. 87, Stats. (1898), provides, among other things, that "in all cities and villages the engine bell shall be rung before and while crossing any street, and no train or locomotive shall go faster, until after having passed all the traveled streets thereof, than at the rate of six miles per hour." And sec. 1819 of the same chapter provides:

"If any railroad corporation, its officers, agents or servants shall violate or fail to comply with any of the provisions of this chapter for which no forfeiture is otherwise specially provided, such corporation shall, for each and every such violation or failure, forfeit not less than fifty nor more than five hundred dollars, one half to the person prosecuting, and in addition be liable to the person injured for all damages sustained thereby."

It will be seen that sec. 1809 provides no penalty, hence the penalty for violation of this section is found in sec. 1819, which provides a penalty for each and every violation or failure. The jury found on sufficient evidence that the defendant had violated the statute eight times between April 11th and 14th by running its trains at a greater speed than six miles per hour over the territory covered by the statute and complaint. The statute in plain and unequivocal language prohibits the running of a train or locomotive faster than six miles per hour, and further provides that for each and every violation or failure to comply the railroad company shall forfeit not less than $50 nor more than $500. To hold that but one penalty can be recovered where the statute has been violated several times would be disregarding the plain language of the statute. We realize that the statute is penal and should be strictly construed. But here there is no room for construction. The statute is as plain as language can make it in providing a forfeiture for each and every violation of the law. We quite agree with counsel for appellant that the statute should not be so construed as to give cumulative penalties in an action of the character of the one before us unless the legislative intent is clear. Our difficulty is in reading out of the statute an intent not to give cumulative penalties for repeated violations. Counsel says that the books are full of authorities holding that but a single penalty can be assessed where the act complained of is of a continuing nature and the legislative intent to the contrary is not clearly expressed, and several authorities are cited. A careful examination of these cases shows that they rest upon statutes quite different from our own.

*Parks v. N., C. & St. L. R. Co.* 81 Tenn. 1, was for the recovery of penalties under a statute making railroad companies liable to forfeit and pay a penalty of $100 upon failure of the company during any one trip of the passenger cars to announce the stopping place or station, and it was

held that only one penalty could be recovered up to the bring-
ing of the suit.   The provision of the statute imposing the
penalty reads as follows:

"Upon failure of the railroad company, during any trip
of the passenger cars, to comply strictly with any of the pro-
visions of the preceding sections of this act, then such rail-
road company shall forfeit and pay the sum of one hundred
dollars recoverable before any court having jurisdiction
thereof, one half to be paid to the person suing, and the
other half to go to the common school fund of the state."

In *U. S. v. St. L. & S. F. R. Co.* 107 Fed. 870, the act im-
posed a penalty upon a common carrier of live stock for con-
fining the same in cars longer than twenty-eight consecutive
hours without unloading for rest, water, etc., and it was held
that the carrying for more than twenty-eight hours was but
a single offense, and that separate penalties could not be re-
covered for each car.   *Morgan v. Hedstrom,* 164 N. Y. 224,
58 N. E. 26, involved the liability of directors of a corpora-
tion for successive failures to file annual report, and it was
held that, cumulative penalties not being favored, they could
not be recovered unless expressly declared, and for other rea-
sons stated in the opinion.   *George Dittman B. & S. Co. v.
Mixon,* 120 Ala. 206, 24 South. 847, was an action for pen-
alty on account of failure to satisfy a mortgage of record
after having been requested to do so.   It was held that but
one penalty could be recovered, although several requests had
been made to satisfy the mortgage.   *Friedeborn v. Comm.*
113 Pa. St. 242, 6 Atl. 160, was a prosecution under the Sun-
day act for violation of the Sabbath day, and it was held that
there could be but one violation by the same person on the
same day.   In *Garrett v. Messenger,* L. R. 2 C. P. 583, it
was held that but one penalty could be recovered for keeping
a house for public dancing and music without a license under
25 Geo. II. c. 36, § 2, and that a second action by another
common informer to recover a like penalty was not maintain-
able.   *Pilcher v. Stafford,* 4 B. & S. 775, involved the con-

struction of a statute requiring children to be vaccinated, and it was held that the continued neglect to vaccinate was not a further breach of the statutes. *Crepps v. Durden,* 2 Cowp. 640, holds that a person can commit but one offense on the same day by "exercising his ordinary calling on a Sunday" contrary to the statute (29 Car. II. c. 7) ; and that if a justice of the peace proceed to convict in more than one penalty for the same day, his acts would be without jurisdiction. *Washburn v. McInroy,* 7 Johns. 134, was an action based upon several counts to recover penalties for the sale of liquors without license, and it was held that but one penalty could be recovered. The act provided a penalty of $25 for each offense, but the case turned mainly upon the provision in the act to the effect that, whenever any such action should be commenced and recovery had for a penalty for selling without a license, such recovery should be a bar to a prosecution for offenses of a like nature committed before such recovery; and it was held that this provision showed the legislative intent that there should be a recovery for a single penalty only, not only by the words of the act, "and a recovery had for a penalty," but by declaring that such recovery should be a bar as to other offenses committed before such recovery. *Sturgis v. Spofford,* 45 N. Y. 446, was an action under a statute giving a penalty of $100 against any "person employing a person to act as pilot not holding a license," and it was held that this language authorized the recovery of but one penalty against a party who had employed an unlicensed pilot, although such employment was repeated for numerous ships. The court said (page 453) :

"It is the employment of an unlicensed pilot for which the penalty of $100 is incurred. It does not say for each employment, nor for each offense, nor for each ship unlawfully piloted."

In *Fisher v. N. Y. C. & H. R. R. Co.* 46 N. Y. 644, it was held under the provisions of an act to prevent extortion

by railroads that but one penalty of $50, together with the excess of fare, could be recovered for all acts committed prior to the commencement of the action. The decision was placed upon the ground that from the entire act it appeared that such was the intention of the lawmaker. In *Griffin v. Interurban St. R. Co.* 179 N. Y. 438, 72 N. E. 513, the court held that cumulative penalties could not be recovered because the language of the statute did not authorize such recovery. The statute reads as follows:

"For every refusal to comply with the requirements of this section the company so refusing, and having contracted as aforesaid, shall forfeit to the aggrieved party the sum of fifty dollars, which may be recovered in any court of competent jurisdiction."

The court in effect held that, because of failure to use the words "for each offense," cumulative penalties could not be recovered, citing *Suydam v. Smith,* 52 N. Y. 383. But the court said (179 N. Y. 449, 72 N. E. 517):

"It is quite obvious that the legislative intention to permit the recovery of cumulative penalties for refusals of the defendant to comply with the provisions of the railroad law in regard to the transfer of passengers is as clearly manifested as in any of the cases cited."

The court, however, held in this case, upon other grounds, that but one penalty could be recovered. *Cox v. Paul,* 175 N. Y. 328, 67 N. E. 586, is also relied upon by appellant. In this case there were two refusals by the secretary of a corporation to permit a stockholder to examine the stock book. The following day the president refused on demand. The point is also made in the opinion that the statute imposed a penalty "not for each and every but for any refusal on the part of the officers." The decision went upon the ground that there was practically but one demand and refusal, although it will be noted that even in this case the chief justice and two other justices dissented.

The foregoing are the principal authorities relied upon by appellant, but we are unable to see that they reach the question before us. In the statute under consideration the legislature has clearly expressed its intention that a penalty should be imposed for each and every violation. The language is plain and unambiguous, and we cannot say the legislature did not mean what it said. Such a statute clearly authorizes the collection of cumulative penalties. *Southern R. Co. v. State* (Ind. App.) 72 N. E. 174; *People v. N. Y. C. R. Co.* 13 N. Y. 78; *Grover v. Morris,* 73 N. Y. 473.

We think the judgment of the court below is right and should be affirmed.

*By the Court.*—Judgment affirmed.