CHASE, Respondent, vs. WOODRUFF and others, Appellants.

*March 10—March 30, 1909.*

*Appeal: Former decision: Law of the case: Witnesses: Competency: Transactions with persons since deceased: Striking out testimony: Estoppel: Instructions to jury: Harmless errors.*

1. The decision of this court on a former appeal as to the admissibility of evidence is the law of the case on a subsequent trial and appeal.

2. A defendant in ejectment was incompetent, under sec. 4069, Stats. (1898), to testify that at a certain time he saw the deed under which the plaintiff claims in the possession of the grantor, where he obtained such information in a transaction with said grantor, since deceased, in which the deed was shown to him by the grantor for the purpose of examination.

3. It is not error to strike out the answer of a witness which is not responsive to the question.

4. Evidence, introduced as supporting a defense of estoppel, as to a statement made by plaintiff, but which was not shown to

have been known to or acted upon by the defendant or to have influenced him in any way, was immaterial and it was not error to strike it out.

5. In ejectment where there was not sufficient evidence to support a verdict for defendant on the defense of adverse possession, error in the charge upon that subject was harmless as to him.

6. Where it was held on a former appeal that under the evidence at the first trial the question whether a deed was delivered was for the jury, and on the second trial the evidence to show delivery was fully as strong, a finding by the jury that the deed was delivered cannot be disturbed.'

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought to recover possession of lot 4, block 25, in the city of Baraboo, and for damages for unlawfully withholding possession thereof from the plaintiff. The defendants denied the material allegations of the complaint and set up adverse possession in the defendant, and further set up the defense of estoppel by way of amendment to the answer. The case was tried to the court and a jury. Both parties moved for direction of a verdict. The motions were respectively denied and the case submitted to the jury and the following verdict returned:

"(1) Did Julius R. Woodruff deliver the deed dated March 4, 1868, to the plaintiff's wife with intent to pass title? *A.* Yes.

"(2) If your answer to question number 1 be 'Yes,' at what time was such delivery made? *A.* March 4, 1868.

"(3) Did the defendant and Julius R. Woodruff together have adverse possession of the lot in question for twenty years prior to April 6, 1906? *A.* No.

"(4) Is the plaintiff estopped to claim the title to this lot in question? *A.* No."

Motions were made by defendant to change the answers to the special verdict, for judgment upon the verdict, for judgment notwithstanding the verdict, and to set the verdict aside and for a new trial. Each and every of said motions were denied and judgment ordered for the plaintiff upon the

verdict, fixing the damages at $20. Judgment was entered accordingly in favor of the plaintiff, from which this appeal was taken.

For the appellants there was a brief by *Dithmar & Malone* and *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

For the respondent there was a brief by *Goggins & Brazeau,* of counsel, and *H. E. Fitch,* attorney, and oral argument by *T. W. Brazeau.*

KERWIN, J. In 1855 Julius Woodruff was the owner of a farm of 120 acres near Baraboo, Wisconsin, and lots Nos. 3 and 4, block 25, in Baraboo. On lot 3 was the homestead of Julius Woodruff, which he occupied from 1855 until 1906. Lot 4 is involved in this action. Lots 3 and 4 were used together from 1855 until April 19, 1905, when Julius gave a warranty deed covering lot 4 to his son *Frank R. Woodruff,* defendant, which was recorded May 5, 1905, after which *Frank* proceeded to improve the lot and erect a dwelling house thereon, and executed a mortgage to the defendant *Alice M. Wright.* The mortgage was recorded January 29, 1906. Julius R. Woodruff died January 15, 1906, at the age of ninety-three. He was married three times, and Charles and defendant *Frank Woodruff* are the surviving children of the first marriage. Jennie Woodruff Chase was the only issue of the second marriage and no children were born of the third marriage, his third wife dying in September, 1907. On March 8, 1868, Julius Woodruff made and executed a deed, naming as grantees therein his three children, Jennie Woodruff, afterwards Jennie Woodruff Chase, *Frank Woodruff,* and Charles Woodruff, conveying the farm and lots, and expressing his intention therein to give to his sons equally the farm and the lots to Jennie. The controversy in this case turns upon the question of whether this deed was delivered, and, if so, when delivered, and whether all rights

thereunder have been lost. Jennie Woodruff married the plaintiff November 25, 1898, and died intestate and without issue August 2, 1902. The plaintiff, her husband, survives her. After the death of Julius R. Woodruff and on the 9th day of March, 1906, plaintiff recorded the deed above referred to. This action is brought by plaintiff as successor in title to Jennie Chase to recover possession of lot 4 and damages for the withholding of possession. The warranty deed executed in 1868, heretofore referred to, was found in the trunk of Jennie Chase shortly after her death. The plaintiff rests his case largely upon the presumption of delivery arising from the possession of the deed by Jennie, and insists that such presumption has not been overcome by the evidence produced. Appellant claims judgment should be reversed for error committed on the trial.

1. Plaintiff put in evidence the deed of Julius R. Woodruff and proved that said deed was found in the trunk of Jennie Chase after her death. Plaintiff further offered evidence tending to strengthen the presumption of delivery arising from possession by Jennie. One Pelton, register of deeds of Sauk county from 1901 to 1905, was examined in chief by plaintiff respecting a conversation had with J. R. Woodruff shortly after he entered the register of deeds' office respecting the recording of a certain deed to Jennie, daughter of J. R. Woodruff, and stated that he (Woodruff) did not want the deed recorded. The evidence of Pelton was very general. It did not show that J. R. Woodruff had given the deed in question to Jennie, but that Jennie held a deed of the premises, and the intent of giving the deed was not gone into. On cross-examination of Pelton the question was asked: "You stated on your direct examination that he said that the deed had been given to Jennie. Did he tell you he had given it to Jennie for safe-keeping?" He answered: "I think so." This answer was stricken out and this ruling is

·complained of. The court stated in ruling this answer out that it so ruled upon the authority of the decision on the former appeal. *Chase v. Woodruff,* 133 Wis. 555, 113 N. W. 973. It seems the ruling of the lower court was correct under the opinion of this court upon a similar question in the above ·case, and whether the ruling was right or wrong it is the law of the case. *Hill v. Am. S. Co.* 112 Wis. 627, 88 N. W. 642; *State v. Wis. Cent. R. Co.* 133 Wis. 478, 113 N. W. 952. The ruling is hereafter referred to regarding the examination of defendant *Frank Woodruff.*

2. The plaintiff called defendant *Frank Woodruff* as an adverse party and interrogated him respecting his knowledge of the existence of the deed from Julius R. Woodruff to Jennie, *Frank,* and Charles Woodruff, and among other questions the following were put: "Is it not a fact that he told you that he had given it to Jennie? Answer that 'Yes' or 'No.' To give it, to give it over to her. Just what I said." To this the witness answered: "I could only answer it in this way: That I knew that he gave it to her." "*Q.* Is it not a fact that Julius R. Woodruff told you that he had given that deed to Jennie? *A.* Yes; he told me that he had given it to her, but that wasn't all he told me, though." The testimony as to delivery of the deed to Jennie was upon a vital issue in the case, namely, the delivery of the deed. It was also material in bringing notice to *Frank.* This evidence being brought out by plaintiff on direct examination of defendant *Frank* as an adverse witness, it is insisted that the door was opened and the defendant entitled to the whole of the conversation, part of which had been put in by the plaintiff, and defendant asked for the rest of the conversation, which was objected to and the question withdrawn. Afterwards the witness was recalled and the question again put, and an objection to it sustained on the authority of the opinion on former appeal, on the ground that the declaration was

self-serving and therefore not admissible. This ruling, like the former referred to, is ruled by the decision on the former appeal, where the question was decided, and is binding here.

3. Appellant assigns error on the ground that the court struck out the answer of *Frank Woodruff* to the effect that he saw the deed in the possession of his father. This assignment of error covers the admission of evidence under objection to the effect that *Frank* saw the deed to Jennie in 1885 and the action of the court in striking out this evidence. It appears from the record clearly that this evidence involved a transaction with the deceased, Julius R. Woodruff, and therefore was incompetent under sec. 4069, Stats. (1898). *Frank* obtained the information concerning which he gave evidence in a transaction with Julius, in which the deed in question was shown to *Frank* by Julius for the purpose of examination. So we think no error was committed in excluding this evidence.

4. The following question was asked *Frank* by counsel for plaintiff on direct examination when called by plaintiff: "*Q.* You knew, did you not, that this deed of Julius R. Woodruff to Jennie Chase was not to be recorded until after Julius R. Woodruff's death, did you not? *A.* It was understood that it was not to be recorded at all unless he wanted it to be." This answer was not responsive to the question and was stricken out for that reason. Hence no error was committed in that regard.

5. In 1906 the plaintiff exhibited his deed to one Selleck at Baraboo, and the alleged error under this head relates to the conversation between plaintiff and Selleck to the effect that plaintiff stated he did not claim lot 4. The answer was stricken out, and this action of the court is complained of because the evidence was competent, and further that after the answer had been given it should not have been stricken out. This evidence bore upon the defense of estoppel. If the evidence was incompetent it was entirely proper for the

court in the exercise of its discretion to strike it out. We fail to discover any error in striking out the evidence. The statement made was after defendant *Frank* had bought the lot and not in the presence of *Frank*. It does not appear that *Frank* had knowledge of the statement, if made, acted upon it, or was in the slightest degree influenced by it. We do not·see that it was material upon the question of estoppel or that its presence in the record added anything to the defense. Indeed, we think it very doubtful whether there was sufficient evidence to support a finding in favor of the defendant upon the defense of estoppel.

6. Upon the defense of adverse possession error is assigned in the charge. We think the charge was erroneous, but shall spend no time in discussing it, since it was harmless, because we are of opinion that there was not sufficient evidence to support a verdict in favor of the defendant upon the defense of adverse possession.

7. Error is also assigned on the ground of the sufficiency of the evidence respecting the delivery of the deed to Jennie. Upon the evidence on the former trial this court held that the question was for the jury. But it is insisted that upon the last trial the presumption arising from possession of the deed was fully rebutted, and a very able argument is made by counsel for appellant upon that proposition. It would serve no useful purpose to review in detail the several points made by counsel under this head. It is sufficient to say that after a careful examination of the evidence we think it is fully as strong on the question of delivery in favor of the plaintiff on the last as on the first trial, and therefore we must hold that the question of delivery was for the jury and that their finding cannot be disturbed.

*By the Court.*—The judgment of the court below is affirmed.