McDONALD, Plaintiff in error, vs. THE STATE, Defendant in error.

GRAHAM, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 16 — May 5, 1891.*

*Constitutional law: "Twice in jeopardy:" Re-sentence after irregular judgment.*

The provision of sec. 2412, R. S., that when the supreme court shall reverse a judgment in a criminal action "because of any defect, illegality, or irregularity in the proceedings in such case subsequent to the rendition of the verdict of the jury therein, it shall be competent for the supreme court, either to pronounce the proper judgment, or to remit the record to the court below in order that such court may pronounce the proper judgment," is not unconstitutional, as authorizing the defendant to be put a second time in jeopardy for the same offense.

ERROR to the Circuit Court for *Ashland* County.

The case is stated in the opinion.

*Rublee A. Cole,* for the plaintiffs in error.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey,* Assistant Attorney General, and oral argument by *Mr. Clancey.*

ORTON, J.   The two plaintiffs in error, *Samuel McDonald* and *John Graham*, were tried together as defendants, on an information for assault and robbery and stealing from the person, being armed, under sec. 4375, R. S., and, the jury having found them both guilty, the court sentenced the said *Samuel McDonald* to be imprisoned in the state prison at Waupun fourteen years, and the said *John Graham* to be imprisoned in said prison thirteen years.   The case of each of said plaintiffs in error has been brought to this court by writ of error, and the sentence only is assigned as error; it being in excess of the punishment provided for such offense.   The error is apparent.   The statute above cited provides only for imprisonment in the state prison of not more than ten years nor less than three years.

The learned counsel of the plaintiffs in error demands in their behalf that, upon the reversal of said judgments for such error, they be discharged from custody and go hence. To this end the learned counsel contends that sec. 2412, R. S., requiring the prisoners in such case to be re-sentenced by this court, or by the circuit court, for the term of imprisonment fixed by the statute, is unconstitutional and void, as authorizing the plaintiffs in error to be twice put in jeopardy for the same offense.   That statute provides that "whenever any judgment in a criminal action shall be removed by writ of error to the supreme court, and such court shall reverse said judgment, because of any defect, illegality, or irregularity in the proceedings in such case, subsequent to the rendition of the verdict of the jury therein, it shall be competent for the supreme court either to pronounce the proper judgment, or to remit the record to the court below, in order that such court may pronounce the proper judgment."

The pronouncing of the proper judgment in this case by this court, or by the court below, upon the reversal of the former judgment, is not putting the defendants the *second*

*time in jeopardy* for the same offense. "Jeopardy" "is the situation of a prisoner when a trial jury is impaneled and sworn to try his case upon a valid indictment (or information), and such jury has been charged with his deliverance." Bouv. Law Dict. The following cases are cited to this definition: *State v. McKee*, 1 Bailey, 655; *Weinzorpflin v. State*, 7 Blackf. 191; *Comm. v. Jenks*, 1 Gray, 491; *State v. Burke*, 38 Me. 574; *Com. v. Cook*, 8 Serg. & R. 586; *McFadden v. Comm.* 23 Pa. St. 12; *State v. Roe*, 12 Vt. 93; 1 Bish. Crim. Law, § 660; *People v. Goodwin*, 18 Johns. 206; *United States v. Gibert*, 2 Sum. 60; *United States v. Haskell*, 4 Wash. C. C. 402. The accused must be put on trial, and the jury impaneled and sworn, to place him in jeopardy. To put him twice in jeopardy, he must be again put upon his trial, before a jury impaneled and sworn, and charged with his deliverance. *Com. v. Fitzpatrick*, 121 Pa. St. 109; *Hilands v. Comm.* 111 Pa. St. 1; *State v. Parker*, 66 Iowa, 586; *Whitmore v. State*, 43 Ark. 271; *Adams v. State*, 99 Ind. 244. Such is the import of all the cases in this country that I have been able to find. I do not think that any court has ever held that re-sentencing a prisoner on the same verdict is putting him in jeopardy twice for the same offense, for it would be contrary to the legal signification of the term, and in violation of its accepted sense and meaning.

The learned counsel presented an able argument, and cited many cases, to show that the said statute is unconstitutional for this reason, but not one of the cases had any bearing on the question. They were cases in which it is held that the court had no power, authority, or jurisdiction to pronounce the proper judgment after a reversal of an illegal judgment, and it was because there was no statute that authorized it. In other states where such a statute exists the question has never been raised, so far as it is known to us.

So far the plaintiffs in error have not suffered any injury, for the former judgment was lawful for the term of ten years, and the excess of time beyond that only is illegal; and they will not, if the proper judgment is entered *nunc pro tunc*, as it should be.

*By the Court.*— The judgment of the circuit court in each of the above cases is reversed, and each cause is remanded and the record thereof remitted, in order that the said circuit court may in each of said cases pronounce and enter the proper judgment *nunc pro tunc.* The warden of the state prison will surrender the plaintiffs in error to the sheriff of the county of Ashland, who will hold them in custody until discharged, or their custody changed by due course of law.