City of Milwaukee, Respondent, vs. Stanki, Appellant.

*November 7—December 2, 1952.*

608

*Alvin L. Zelonky* of Milwaukee, for the appellant.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *John L. Coffey* and *Earl F. Keegan, Jr.,* assistant city attorneys, and oral argument by *Mr. Coffey* and *Mr. Keegan.*

Brown, J.    Stanki first submits that the municipal court erred in denying his motion to dismiss the appeal from the district court.   His argument is that the notice of appeal stated that the city "now appeals from said judgment, and every part thereof;" that the judgment of guilty was a judgment in favor of the city and the city is not aggrieved thereby and, not being a party aggrieved, it cannot appeal.

Municipal ordinances cannot create crimes or misdemeanors. *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 84, 28 N. W. (2d) 345.  An action to recover a forfeiture for violation of an ordinance is thus a civil proceeding. *South Milwaukee v. Schantzen* (1950), 258 Wis. 41, 43, 44 N. W. (2d) 628.  Sec. 107-5, Milwaukee Code of Ordinances, forbids the possession of a gambling device, and sec. 107-11 prescribes that a violator ". . . shall, upon conviction thereof, be punished by a fine of not less than one hundred dollars and not exceeding five hundred dollars, and the costs and disbursements of prosecution, . . ." The terms of the ordinance are mandatory.  The conviction established the city's right to a judgment for money within the stated limits and the city is aggrieved by a judgment which ignores the right. The discretion of the trial court does not extend so far that, without the city's consent, it may deprive the city of money which the ordinance says the city shall have from the guilty party.  The failure of the learned district court to recognize

this right aggrieved the city. The motion to dismiss the appeal was properly denied.

In the trial *de novo* in municipal court Stanki was again found guilty. Before pronouncing judgment the trial judge invited and heard comments from Stanki and his attorney and from persons concerned in the prosecution, after which the court imposed the maximum penalty permitted by the ordinance, namely a penalty of $500 with costs and disbursements to be paid by Stanki and in default of payment imprisonment in the house of correction of Milwaukee county until payment should be made or six months' imprisonment should be served. The preliminary conference showed that Stanki, who was a former police officer, had no prior criminal record. None of the information given the court concerning his participation in organized gambling was given under oath. He submits now that as a first offender he was entitled to less than the maximum penalty and the judgment must be reversed or modified for abuse of discretion in this respect on the part of the trial judge. We do not agree with this contention. By providing a range of penalties the legislative body of the municipality permits the court to take into consideration such surrounding circumstances as the court chooses to recognize in determining the punishment. The ordinance contains no guide in this respect; specifically, it does not even suggest that favor shall be extended to first offenders. No authority is cited in support of appellant's contention and we conclude that this matter is left wholly within the discretion of the trial, not the appellate, court. The penalty chosen here by the learned trial court as appropriate to the offense under all the circumstances is within the limits which the ordinance sets for it and we conclude that we may not treat its exercise of discretion within such limits as error.

Finally we reach the question of whether an offense under sec. 107-5 of the Code of Ordinances was proved. Condens-

ing the ordinance so as to omit parts which are not material to this action, we find the material part will read as follows:

"No person shall possess or use any device of any kind or nature whatsoever in, by, or through which money is or may be staked or hazarded, or upon the result of the action of such device money is or may be staked, bet, hazarded, won, or lost, and such devices are prohibited in the city of Milwaukee and declared to be gambling devices."

No testimony was offered in Stanki's behalf. The city proved that when arrested he had in his possession a number of schedules reaching back several days from the day of the arrest and showing what runs had been scored on each day by each of twenty-four baseball teams. Expert witnesses proved that these schedules also contained combinations of scores and computations thereon made by Stanki as a result of which there were ascertained and declared the winning numbers in lotteries, and that upon these results circulars were printed and distributed by which patrons of the lottery were informed whether the number held by any patron had won or lost, to the end that a winner might call and collect his winnings. There was testimony that the schedules in Stanki's possession were in form ready to go to the printer of such circulars.

Appellant submits that the schedules and computations cannot possibly be a gambling device because all the games there listed have been played and the results published in the daily papers and it is well known that people do not bet upon past events; in other words, that Stanki's material was useless for the purpose of making bets. Very likely that is so, but the city's evidence on the operation of baseball pools establishes it to our satisfaction that the patron of the pool does not bet that a favorite team will win or that it will score a definite number of runs. Instead, this activity is a lottery whereby the patron purchases a number and the success of that num-

ber in winning a cash prize depends on whether it is duplicated by another number determined by a variety of factors, unknown to the patron at the time of purchase. Among such factors are runs scored by a few baseball teams out of many playing during a set period. The prize winner is not determined until the games have been played and the runs scored have been inserted as factors in a calculation by the operation of which the winning number is automatically determined. It is immaterial that the games in Stanki's schedules had already been played and no one would then bet upon the results of such games. One may, and many do, purchase numbers hoping that when the various factors have been figured his number may prove to be a lucky one. The scheme most certainly is a gambling device within the definition of the ordinance, being one upon the result of whose action money, as expressed by the ordinance, may be hazarded, won, or lost. Stanki's material was that by which the winners and losers were determined and was an essential element in the process of notifying the winners and paying them. We consider that the testimony establishes his possession of a gambling device within the meaning and prohibition of sec. 107-5 of the Milwaukee Code of Ordinances.

*By the Court.*—Judgment affirmed.