STATE, Plaintiff in error, vs. STANG TANK LINE, Defendant in error.

*June 6—July 3, 1953.*

For the plaintiff in error there were briefs by the *Attorney General,* and *Stewart G. Honeck,* deputy attorney general, and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Honeck* and *Mr. Platz.*

For the defendant in error there was a brief and oral argument by *Michael D. O'Hara* of Menominee, Michigan.

BROWN, J.   In *Drewniak v. State ex rel. Jacquest* (1942), 239 Wis. 475, 1 N. W. (2d) 899, we held that in Wisconsin trial courts do not have jurisdiction to impose sentences and then stay their execution.   We quoted at length from the opinion of the court in *Ex parte United States* (1916), 242 U. S. 27, 37, 39, 37 Sup. Ct. 72, 61 L. Ed. 129, adopting the principle there announced, that if such right in the trial court was recognized the court would impair the constitutional division of power between the branches of government, for not only would the court be repealing legislative enactments setting penalties for crime, but would be usurping the pardoning power conferred by the constitution upon the executive alone.   We said, in *Drewniak v. State ex rel. Jacquest, supra* (p. 484) :

"It is considered that this court is committed to the doctrine that courts have no inherent power to stay execution of a sentence in a criminal case in the absence of statutory authority except for the limited purpose of affording relief against the sentence itself."

Defendant points out that in the present case a sentence was pronounced and no part of the execution of that sentence

was suspended; the suspension went to the pronouncing of the legal sentence, not to the execution of the sentence pronounced. This is so, but there is no difference in the principle and no difference in the result. The court can no more usurp the legislative and executive fields by refusing to impose the prescribed sentence than it can do so by imposing such sentence and then suspending or remitting all or a part of the execution. The defendant's primary objection to plaintiff's demand must be denied. We hold that the trial court's sentence, as set forth in the judgment above quoted, was outside its discretion and the sentence so pronounced is not merely error but is void.

We next reach defendant's contention that any action returning this cause for the correction of the sentence is a violation of sec. 8, art. I, Wis. 'Const., which declares that no person for the same offense shall be put twice in jeopardy of punishment. In *State v. Witte* (1943), 243 Wis. 423, 10 N. W. (2d) 117, we held that sec. 358.12 (8), Stats. 1941, did not violate such constitutional protection. This section now appears as sec. 358.12 (1) (d). The present case comes more nearly under par. (c) of such section but no reason occurs to us why par. (c) should be an unconstitutional second jeopardy if par. (d) is not. On the authority of the *Witte Case, supra,* we hold that such par. (c) is not an unconstitutional legislative enactment. The constitutionality of the right of the state to have a writ of error on this ground being thus established, we come to the question of whether there is second jeopardy of punishment if the writ is determined in the state's favor and our mandate returns the defendant for sentence in accordance with the statute, or if we exercise such sentencing power ourselves as provided by sec. 251.17, which reads:

"*Proceedings in criminal cases on reversal.* Whenever any judgment in a criminal action shall be removed by a writ of error to the supreme court and such court shall reverse such

judgment because of any defect, illegality, or irregularity in the proceedings in such case subsequent to the rendition of the verdict of the jury therein it shall be competent for the supreme court either to pronounce the proper judgment or to remit the record to the court below in order that such court may pronounce the proper judgment."

Sec. 251.17, Stats., was formerly known as sec. 2412, R. S. 1889, and was construed in *McDonald v. State* (1891), 79 Wis. 651, 48 N. W. 863. McDonald was convicted of assault and robbery, armed, for which there was a penalty of imprisonment in the state prison for ten years. The trial court sentenced him to such imprisonment for fourteen years and McDonald procured a writ of error. The sentence was obviously void and could not stand, whereupon McDonald made the same argument that the present defendant makes, namely, that the imposition of the correct sentence under the authority of sec. 251.17 would be unconstitutional and void as subjecting McDonald to be twice put in jeopardy for the same offense. We held, pages 652, 653, that there was no second jeopardy in such procedure. The *McDonald Case* has been frequently cited for its definition of jeopardy in connection with second trials. It does not appear to have been cited to the matter of resentencing nor does the question concerning resentencing as a second jeopardy appear to have been raised again until now. The *McDonald Case* is consistent with the intent of secs. 358.12 and 251.17 and remains the law on this subject. The decision of the Wisconsin court accords with the authority of 3 Am. Jur., Appeal and Error, p. 717, sec. 1216:

"*Remand for Sentence.*—At common law, on the theory that the jurisdiction of a court of error was confined exclusively to the determination whether error existed, and if it found error its duty was to reverse and discharge the prisoner, the reviewing court had no power when a conviction was proper, but an improper sentence or judgment was rendered thereon, to remand the case to the trial court for the

rendition of a proper judgment. This doctrine, however, was at an early date abrogated by statute in England, and the rule prevails, generally· by virtue of statute, in many jurisdictions in the United States that the reviewing court, in case the conviction was valid and the sentence or judgment rendered was invalid, may remand the case to the trial court for the rendition of the proper sentence or judgment, even though a substantial part of the original sentence has been served. Such resentence does not, according to the weight of authority, put the defendant in jeopardy twice, or constitute a second punishment for the same offense."

We conclude that the trial court committed error in failing to impose upon the defendant the penalty provided by sec. 85.91 (2b) (b), Stats.; that the sentence it did impose is void; and that the judgment must be reversed and the cause remanded for correction of such error.

*By the Court.*—Judgment reversed, and cause remanded with instruction to the trial court to enter judgment in favor of plaintiff and against the defendant for the penalty provided by sec. 85.91 (2b) (b), Stats., conformably to this opinion, and for further proceedings according to law.