STATE, Appellant, v. CITY OF MONONA, Respondent.

*No. 385.  Argued March 6, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 230.)

68

For the appellant the cause was argued by *John E. Kofron,* assistant attorney general, with whom on the briefs was *Robert W. Warren,* attorney general.

For the respondent there were briefs by *Robert D. Sundby* and *DeWitt, McAndrews & Porter, S. C.,* all of Madison, and oral argument by *Mr. Sundby.*

BEILFUSS, J. The penalty section authorizing the forfeiture is sec. 144.57, Stats., and provides as follows:

**"Penalties.** Any person who violates this chapter, or who fails, neglects or refuses to obey any general or special order of the department, shall forfeit not less than $10 nor more than $5,000, for each violation, failure or refusal. Each day of continued violation is a separate offense. While the order is suspended, stayed or enjoined, such penalty shall not accrue."

The findings of fact, conclusions of law and judgment were prepared by the state at the trial court's direction and signed by the court. These findings of fact, in part, are as follows:

"4. The City of Monona did not completely compact and cover its entire site with at least six inches of cover material until after December 14, 1972.

"5. The City of Monona did not completely cover its above site with at least two feet of compacted earth material adequately sloped to allow water runoff until January 9, 1973.

"6. On each and every day from July 1, 1972, up to and including January 9, 1973, the City of Monona landfill site contained significant areas of land in which:

"(a) Demolition material was exposed and uncovered;

"(b) Trash, including tin cans, was exposed and uncovered;

"(c) Slopes were so steeply graded that they were highly erodible;

"(d) Erosion had occurred to the extent that previously covered trash materials resurfaced and were reexposed to the elements;

"(e) Depressions sufficient to hold quantities of stagnant water existed in several locations, and in particular one depression three feet deep remained unaltered in the site's center from July 3, 1972, until after December 11, 1972."

The conclusions of law provide, in part:

"3. While a literal application of Wisconsin Statute 144.57 would provide for a forfeiture of not less than $10 per day, commencing from July 1, 1972, until at least January 9, 1973, the effect of the minimum forfeiture in 144.57 is superseded by 288.06, Stats.

"4. Under the authority of 288.06, Stats., this court can grant a smaller forfeiture, in the interest of justice, than would otherwise be dictated by a literal application of 144.57, Stats.

"5. After reviewing the evidence presented, this court finds that a literal application of the minimum forfeiture of 144.57, Stats., would be more than proportionate to the offense, and thus that 288.06, Stats., should be controlling in this instance.

"6. It is determined that plaintiff is entitled to recover a forfeiture of $200."

The state vigorously contends that the trial court had in effect found that the city was in violation of the DNR order for a period of 193 days and that it had no authority to impose a forfeiture of less than $10 for each day of the violation and that to impose a forfeiture of less than the statutory minimum is error.

The state argues that the trial court erroneously utilized sec. 288.06, Stats., to justify an imposition of forfeiture less than the statutory minimum.

Sec. 288.06, Stats., provides:

"**Action for what sum.** When a forfeiture is imposed, not exceeding a specific sum or when it is not less than one sum or more than another, the action may be brought for the highest sum specified; and judgment may be rendered for such sum as the court or jury shall assess or determine to be proportionate to the offense."

We believe the position taken by the state is correct. Sec. 288.06, Stats., permits the plaintiff to demand the upper limits of the forfeiture as provided by the legislature. It also allows the court in its discretion to impose a forfeiture of less than the amount demanded "proportionate to the offense." However, there is no authority in sec. 288.06 to impose less than the statutory minimum.

The legislature has, within its authority, set the minimum and maximum forfeitures to be imposed. The court can and should exercise its discretion within those limits but cannot impose forfeitures either above or below those limitations. To do so is beyond its permissible discretion and a forfeiture imposed either above or below the statutory limitations is void.[1]

In *State v. Wisconsin Central Ry. Co.* (1907), 133 Wis. 478, 485, 113 N. W. 952, this court stated:

". . . In the statute under consideration the legislature has clearly expressed its intention that a penalty should be imposed for each and every violation. The language is plain and unambiguous, and we cannot say the legislature did not mean what it said. Such a statute clearly authorizes the collection of cumulative penalties. . . ."

The state contends that the findings of fact permit only one conclusion, namely, that the city violated the order for a period of 193 days and that the minimum forfeiture that could be imposed by the trial court was $10 per day or $1,930.

After the record of the trial court was filed with the clerk of this court, upon motion, we permitted the city to file an affidavit of the trial judge as a part of the appeal record wherein the trial judge stated:

"4. That on June 13, 1973 this affiant signed findings of fact and conclusions of law submitted to it by counsel for Appellant herein.

[1] *Milwaukee v. Stanki* (1952), 262 Wis. 607, 55 N. W. 2d 916; *State v. Stang Tank Line* (1953), 264 Wis. 570, 59 N. W. 2d 800.

"5. That insofar as such findings of fact and conclusions of law may be interpreted as finding the City of Monona in violation of Department of Natural Resources Order No. 2A–71–210 or sections NR 151.10 (2) (q, r, s, t), Wisconsin Administrative Code, a specific number of days, said findings of fact and conclusions of law were inadvertent and do not represent the conclusions of this affiant."

From this affidavit the city argues that there is no specific finding of the number of days the city was in violation of the order and that the inference is that the court found violations of only twenty days. The city further argues that the evidence produced by the state is not sufficient to permit a finding of more than twenty days of violations.

We do not intend to discuss the evidence except to note that the DNR itself had issued a permit to the city to operate the solid waste disposal facility in question during part of the time calculated in the 193 days and that there may have been other pretrial concessions and agreements between counsel for the DNR and the city. concerning the limitation of the number of days the city was in violation.

It is our opinion that findings of fact by the trial court are not complete in that there is not a specific finding as to the number of days of the city's violation of the DNR order and that the record must be remanded for this finding and appropriate conclusions of law.

Sec. 270.33, Stats., provides:

"**Trial by court; findings, judgment.** Except in actions and proceedings under ch. 299, upon a trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk within 60 days after submission of the cause, and shall state separately the facts found and the conclusions of law thereon; and judgment shall be entered accordingly."

". . . Thus it is apparent as to this part of the case the trial court did not comply with the provisions of sec.

270.33. The provision concerning the sixty days within which a decision should be filed has been held to be only directive. Accordingly, it was not error here to file the court's tardy decision. Although such a delay under the circumstances was not error, for the sound administration of justice, we repeat what we said in *Kamuchey v. Trzesniewski:*

" '. . . strict compliance with this section is of a great help to the litigants and to an appellate court.' " *Merkley v. Schramm* (1966), 31 Wis. 2d 134, 138, 142 N. W. 2d 173.

". . . In *State ex rel. Skibinski v. Tadych* (1966), 31 Wis. 2d 189, 142 N. W. 2d 838, we stated the familiar rule that a trial court's failure to find a fact is not necessarily reversible error although sec. 270.33, Stats., requires that the court, upon a trial of an issue of fact to it, shall state separately the facts found and the conclusions of law thereon. We pointed out in *Skibinski* that when there is a failure to make a finding of fact, this court on appeal may adopt one of three courses: (1) Affirm the judgment if clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions. *See also Kamuchey v. Trzesniewski* (1959), 8 Wis. 2d 94, 98 N. W. 2d 403; *Forest Home Dodge, Inc. v. Karns* (1965), 29 Wis. 2d 78, 138 N. W. 2d 214." *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898.

Upon the remand the trial court may, upon motion of either party, in its discretion conduct a further evidentiary hearing.

*By the Court.*—Judgment reversed and remanded for further proceedings consistent with this opinion. No costs to be taxed.