STATE, Respondent, v. SITTIG, Appellant.

No. 75–680–CR. *Argued January 5, 1977.—*
*Decided February 1, 1977.*
(Also reported in 249 N. W. 2d 770.)

498

For the appellant there was a brief by *Nathan and Kremkoski, Associates,* and oral argument by *Arthur B. Nathan,* all of Racine.

For the respondent the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HANLEY, J. Two issues are presented on this appeal:

1. Is the mandatory sentencing provision of sec. 343.-44(2), Stats., unconstitutional in that it violates the doctrine of separation of powers?

2. Does mandatory sentencing of persons convicted under sec. 343.44(1), Stats., deny those persons equal protection of the laws?

*Separation of Powers*

The defendant contends that the mandatory sentencing provision of sec. 343.44(2), Stats., violates the separation of powers doctrine in that it constitutes a legislative infringement upon the judiciary's sentencing function.

The precise issue of whether mandatory minimum sentences violates the separation of powers doctrine has never been decided by this court. However, this court has consistently adhered to the view that it is within the province of the legislature as to what punishment is to be related to a particular crime. *State v. City of Monona,* 63 Wis.2d 67, 72, 216 N.W.2d 230, 232 (1974); *State v. Duffy,* 54 Wis.2d 61, 66–67, 194 N.W.2d 624, 627 (1972); *State ex rel. Schulter v. Roraff,* 39 Wis.2d 342, 355, 159 N.W.2d 25, 32 (1968).

The defendant's contention that the setting by the legislature of a mandatory minimum term of imprisonment usurps the judicial power of imposition of sentence

must depend upon some inherent power of the judiciary to absolutely determine the nature of the punishment. No such judicial power has been recognized in this state. Specifically, this court is committed to the doctrine that courts have no inherent power to stay or suspend execution of a sentence in a criminal case in the absence of statutory authority. *Drinkwater v. State,* 69 Wis.2d 60, 65–66, 230 N.W.2d 126, 128 (1975) ; *State v. Stang Tank Line,* 264 Wis. 570, 572–73, 59 N.W.2d 800, 801 (1953) ; *Drewniak v. State ex rel. Jacquest,* 239 Wis. 475, 488, 1 N.W.2d 899, 905 (1942).

In the absence of this inherent right, a court's refusal to impose a mandatory sentence or a sentence within limits prescribed by the legislature, constitutes an abuse of discretion by the court and also the usurpation of the legislative field. *State v. City of Monona, supra; State v. Stang Tank Line, supra.*

In *State v. Duffy, supra,* this court, although not specifically considering a challenge based upon the doctrine of separation of powers, held that the provision by the legislature in sec. 343.44(2), Stats., for a mandatory minimum sentence leaves the courts with no alternative but to impose a sentence of not less than the minimum prescribed upon a person for a violation of this section. The independent exercise of discretion by the courts is not unconstitutionally impaired for it may exercise such discretion within the mandated limits. The constitution does not prohibit the legislature from constricting in the public interest the independent exercise of judicial discretion by prescribing mandatory minimum terms of imprisonment for the commission of a particular crime.

*Equal Protection*

The defendant also contends that the mandatory sentencing provision of sec. 343.44(2) violates the right to equal protection in that distinguishing between persons

who have operated vehicles after revocation of their driver's licenses and other misdemeanor violators, by imposing mandatory minimum sentences on the former class of persons, is not germane to the stated purpose of the legislature which enacted sec. 343.44, Stats.

In *State v. Duffy, supra,* this court held that the mandatory sentencing provision of sec. 343.44(2), Stats., does not deny equal protection to those persons sentenced thereunder. Defendant's argument that statistics demonstrate the crime of operating a vehicle after revocation of a license is not a contributor to the high rate of automobile accidents ignores the fact that those who commit this offense have had their licenses revoked for the reason that they have repeatedly committed the types of violations which are among the greatest contributing circumstances. Here, the defendant's record of violations, which have resulted in revocation, contains numerous violations, including speeding, reckless driving, driving under the influence of alcohol, attempting to elude an officer, and more. Thus, it is obvious the mandatory sentencing provision of sec. 343.44(2) does not represent an unjustifiable public policy, and thus does not deny equal protection, for its purpose is to decrease automobile accidents and injuries by imposing a fair penalty upon those who have shown they are most likely to cause these accidents.

We conclude that the circuit court order affirming the county court order which denied appellant's motion for reconsideration of sentence must be affirmed.

*By the Court.*—Order affirmed.