VILLAGE OF SISTER BAY,
Plaintiff-Appellant and Cross-Respondent,

v.

John R. HOCKERS and Irene D. Hockers, his wife,
Defendants-Respondents and Cross-Appellants.†

Court of Appeals

*No. 81–639. Submitted on briefs October 13, 1981.—Decided February 16, 1982.*
(Also reported in 317 N.W.2d 505.)

† Petition to review denied.

For the appellant there were briefs by *Roger Pinkert* and *Pinkert, Smith, Koehn & Weir,* of Sturgeon Bay.

For the respondents there were briefs by *James C. Pankratz* and *Pankratz Law Office* of Sturgeon Bay.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J. The trial court entered judgment in favor of the Village of Sister Bay and against John and Irene Hockers for violations of Sister Bay's municipal zoning ordinance. The violations consist of a violation of the setback requirement from the highway, a violation of the setback requirement from high water, the making of structural alteration without a permit, and the enlargement of a nonconforming structure.[1] The trial court assessed a $1,000 forfeiture that would be reduced to $500 if the Hockers removed the violations by July 15, 1981. Sister Bay appeals from the judgment and contends that the trial court had no authority to assess a forfeiture less than the minimum prescribed by ordinance. The Hockers cross-appeal from the judgment and raise numerous issues, which we address seriatim. Because we conclude that the trial court had no power to assess less than the minimum forfeiture and that the Hockers' arguments are without merit, we modify and, as modified, affirm the judgment.

The Hockers purchased property in an area zoned for residential use in Sister Bay. Four structures, which were used as rental cottages, stood on the property. The cottages were used for rental purposes at the time of the enactment of the zoning ordinance, and their use

---

[1] Sister Bay Ordinance No. 98, §§ 10.02(7) and (8), 10.06(2)(a) and 10.07(1)(a).

for rental purposes continued as a nonconforming use. On two of the cottages, the Hockers built porch additions. Sister Bay gave the Hockers notice of building permit violations on October 11, 1978. Sister Bay filed a complaint on November 17, 1978. The case came to trial on December 8, 1980, and witnesses testified that the violations existed continuously until the time of trial.

Sister Bay contends that the trial court must assess at least the minimum forfeiture provided for by ordinance, or $10 per violation, with each day constituting a separate violation. The trial court assessed a forfeiture of $1,000, or $10 per day for 100 days. The trial court reasoned that 100 days was a reasonable period for Sister Bay to give notice of the violation and commence an action.

Actions for violations of municipal ordinances are civil proceedings.[2] The trial court found that the Hockers violated municipal ordinances. On review, the trial court's findings will not be disturbed unless they are against the great weight and clear preponderance of the evidence.[3] Michael Dorn, Sister Bay's village zoning commissioner at the time of the complaint, testified to the violations. We conclude that the trial court's findings of violations were not against the great weight and clear preponderance of the evidence.

Dorn also testified that the violations continued until the time of trial. Although the Hockers dispute the application of the ordinances, John Hockers admitted at

[2] *City of Milwaukee v. Horvath*, 31 Wis. 2d 490, 492, 143 N.W.2d 446, 447 (1966), *cert. denied*, 385 U.S. 970 (1966).

[3] *City of Kenosha v. Dennis*, 42 Wis. 2d 694, 698, 168 N.W.2d 216, 218 (1969).

trial that the violations had not been removed prior to trial. This court is not bound by a finding of a trial court that is based on undisputed evidentiary facts when the finding is essentially a conclusion of law.[4] The trial court's finding of 100 days' violation is a finding in conflict with the undisputed evidence that the violations existed from October 11, 1978, until the time of trial, December 8, 1980, a period of 778 days. When a legislative body, acting within its authority, sets minimum and maximum forfeitures, the court has no authority to impose less than the minimum forfeiture.[5] We conclude that as a matter of law, the trial court must assess a minimum forfeiture of $10 per violation, with each day constituting a separate violation, or $7,880.

The Hockers contend that the period for which penalties may be imposed should be limited to the days between the notice of violation and the filing of the complaint because the ordinance provides no rule for computing the days of violation. The ordinance provides a rule for computing the number of violations; each day a violation continues constitutes a separate violation.[6] The number of days of violation that Sister Bay established in its proof determined the number of separate violations. In the complaint, Sister Bay's prayer for relief gave notice that the violations were continuous. The ordinance does not give the trial court discretion to find violations only for so many days as it felt was a reasonable time for Sister Bay to give notice and file a complaint.

[4] *Boutelle v. Chrislaw*, 34 Wis. 2d 665, 673, 150 N.W.2d 486, 490 (1967).

[5] *See State v. City of Monona*, 63 Wis. 2d 67, 72, 216 N.W.2d 230, 232 (1974).

[6] Sister Bay Ordinance No. 98, § 10.06(7).

The Hockers contend that it is unfair to accumulate the amount of forfeiture during the time awaiting trial because they should be entitled to a court decision on the question of whether they were in violation. They contend that they are presumed innocent until proven guilty. The action, however, is civil in nature,[7] and the presumption of innocence does not apply. When the Hockers were informed of the violations, they could have removed the violations in order to effect compliance. Because they did not correct the violations, the harm to the community was continuous. Moreover, the Hockers had use of their cottages for rental while the action was pending. The assessment of the continuous forfeiture was fair in light of the continued benefit to the Hockers from the violations.

The Hockers complain that the forfeiture is excessive and is tantamount to using the ordinance as a revenue raising device. The primary purpose of an ordinance cannot be the raising of revenue in lieu of taxation, but forfeitures may at least pay the cost of enforcement of ordinances and regulations.[8] A forfeiture may be imposed to effect compliance and deter violations.[9] The Hockers have had the commercial benefit of their cottages for over three years since they received notice of the violations.[10] Since the property produces income to

[7] *Horvath*, 31 Wis. 2d at 494, 143 N.W.2d at 447.

[8] *City of Madison v. McManus*, 44 Wis. 2d 396, 402, 171 N.W.2d 426, 429 (1969).

[9] *City of Milwaukee v. Hoffmann*, 29 Wis. 2d 193, 200–01, 138 N.W.2d 223, 227 (1965).

[10] The potential economic benefit of additions to cottages is large. Hypothetically, if the improvements enabled the two cottages each to be rented for an additional $15 per day, with 100

the Hockers, the forfeiture must be substantial to have a deterrent effect. In this case, we conclude that the forfeiture is not excessive.

The Hockers further contend that the forfeiture violates Wis. Const. art. I, § 6, which provides that excessive bail shall not be requested, nor excessive fines be imposed. This provision applies to criminal penalties. Since the action is civil in nature, the provision is inapplicable.

The Hockers also contend that the trial court abused its discretion in ordering removal of the violations. They argue that the additions improve the appearance of the property and that they pay property tax on the value of the improvements. Injunctive relief is ordered in the discretion of the trial court, and this court will not change the trial court's decision in the absence of abuse of discretion.[11] The injunction orders the Hockers to remove the ordinance violations. In addition, the Hockers received benefit from the value of the improvements during the years in which they paid property taxes. We cannot conclude that the trial court abused its discretion in ordering injunctive relief.

The Hockers contend that the trial court erred in permitting Sister Bay to amend its complaint to conform

---

days occupancy per year, the additional income would be $3,000 per year.

$$\begin{array}{rl} \$ \quad 15 & \text{per day} \\ \times \quad 2 & \text{cottages} \\ \hline 30 & \\ \times \ 100 & \text{days occupancy per year} \\ \hline \$3,000 & \text{per year} \end{array}$$

[11] *Pure Milk Prod. Coop. v. National Farmers Org.*, 90 Wis. 2d 781, 800, 280 N.W.2d 691, 700 (1979).

to its proof. A motion to amend a complaint is addressed to the sound discretion of the trial court.[12] Sister Bay moved to amend its complaint to allege setback violations in addition to alleged violation of zoning restrictions and nonconforming use restrictions. The trial court found that the Hockers were not surprised by the amendment. The setback violations related to the same porch additions that constituted the other violations. We cannot conclude that the trial court abused its discretion in amending Sister Bay's complaint.

The Hockers argue that Sister Bay failed to establish violations of nonconforming use because Sister Bay failed to prove that the structural changes exceeded fifty percent of the structures' assessed valuation. Sister Bay Ordinance No. 98, sec. 10.07 reads in part:

(1) EXISTING NONCONFORMING USES: The lawful nonconforming use of a structure, land or water existing at the time of the adoption or amendment of this Ordinance may be continued although the uses do not conform with the provisions of this Ordinance. However:
(a) Only that portion of the land or water in actual use may be so continued and the structure may not be extended, enlarged, reconstructed, substituted, moved or structurally altered except when required to do so by law or order or so as to comply with the provisions of this Ordinance.
(b) Total lifetime structural repairs or alterations shall not exceed fifty (50) percent of the equalized assessed valuation of the structure at the time of its becoming a nonconforming use unless it is permanently changed to conform to the use provisions of this Ordinance.

The Hockers contend that sec. 10.07(1)(b) authorizes them to make structural alterations to their existing non-

---

[12] Section 802.09, Stats.; *Wiegel v. Sentry Indem. Co.*, 94 Wis. 2d 172, 184, 287 N.W.2d 796, 802 (1980).

conforming structure so long as they do not exceed fifty percent of the equalized assessed valuation.

Construction of an ordinance, like construction of a statute, is a question of law.[13] Section 10.07(1) grandfathered nonconforming uses in existence at the time of its enactment. Sections 10.07(1)(a) and (b) are separate and independent limitations upon the continuation of grandfathered nonconforming uses. The Hockers construe sec. 10.07(1)(b) to permit alterations and enlargements restricted by sec. 10.07(1)(a). Their reading renders sec. 10.07(1)(a) superfluous, and such a reading is disfavored by rules of statutory construction.[14] We conclude that the trial court correctly interpreted sec. 10.07(1) when it determined that the Hockers' porch additions violated the ordinance.

The Hockers finally contend that Sister Bay failed to show that their building permit did not authorize the porch additions. The Hockers obtained a building permit in 1976. The ordinance provides that construction authorized by a building permit must be performed within twelve months of the permit's issuance.[15] The Hockers performed work in 1978 and 1979. The trial court's conclusion that the Hockers' permit did not authorize the porch additions is not in error.

*By the Court.*—Judgment modified and, as modified, affirmed. Costs against respondents.

---

[13] *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W.2d 129, 135 (1980).

[14] *Bylewski,* 94 Wis. 2d at 168, 288 N.W.2d at 137.

[15] Sister Bay Ordinance No. 98, § 10.06(6).