VILLAGE OF MENOMONEE FALLS, Plaintiff-Cross-Appellant,

v.

Bryan PREUSS, Defendant-Cross-Respondent.

Court of Appeals

*No. 98–0384. Submitted on briefs February 23, 1999.—Decided March 17, 1999.*

(Also reported in 593 N.W.2d 496.)

746

On behalf of the plaintiff-cross-appellant, the cause was submitted on the briefs of *Stephen W. Hayes, Michael J. Morse* and *Timothy W. Feeley* of *von Briesen, Purtell & Roper, S.C.* of Milwaukee.

On behalf of the defendant-cross-respondent, the cause was submitted on the brief of *Bryan Preuss*, pro se.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.   The Village of Menomonee Falls appeals from a judgment ordering Bryan Preuss to remove a commercial addition to his residence, but allowing him to continue to use the residence as such. Preuss' residence is a nonconforming use since his neighborhood is now zoned industrial. After he modi-

fied his use by adding a commercial garage, the Village requested that the court terminate the entire use. The trial court refused to do so, viewing the decision as discretionary. This was error. As a matter of law, when an owner of a nonconforming use modifies that use, the municipality is entitled to terminate the entire nonconforming use. We thus modify the judgment to terminate the nonconforming use.[1]

The case is about Preuss' addition of a commercial garage to his residence. Preuss has lived in his home since 1990. The property has since been zoned industrial; however, Preuss' residential use was a legal nonconforming use because it predated the industrial zoning. In 1995, Preuss applied for a building permit for an addition to be used to house his electrical business. Preuss began construction before obtaining the permit, prompting the Village zoning administrator to order him to cease construction. The Village ultimately filed a complaint against Preuss, alleging eight violations of various Village ordinances. Preuss pled no contest to seven of the eight counts, agreed to pay a forfeiture, and promised to cease construction in exchange for the Village's concession that he have additional time to submit documentation for his building permit.[2] This agreement was reduced to writing and entered as an order, with the stipulation that the case was subject to being reopened "if terms of settlement are not complied with." Preuss then appeared before the Village plan commission, where the Village staff recommended approval of the application subject to

---

[1] Preuss appealed the judgment and the Village cross-appealed. Preuss voluntarily dismissed his appeal. *See* § 809.18, STATS. ("The dismissal of an appeal does not affect the status of a cross-appeal . . . .").

[2] The Village dropped the eighth count.

certain conditions. When Preuss refused to comply with some of the conditions, the plan commission denied his application. In the end, the Village moved to reopen the case. In this motion, the Village sought a judgment not only requiring Preuss to remove the new commercial garage, but also terminating his legal non-conforming use of the property as a residence.

The trial court ordered Preuss to remove the commercial addition but declined to order that he no longer use the property as his residence. The trial court did note that *Waukesha County v. Pewaukee Marina, Inc.,* 187 Wis. 2d 18, 31, 522 N.W.2d 536, 542 (Ct. App. 1994), holds that "violation of the nonconforming use by expansion or enlargement which changes the use invalidates the legal nonconforming use as well as the illegal change." However, it interpreted another case, *Village of Sister Bay v. Hockers,* 106 Wis. 2d 474, 317 N.W.2d 505 (Ct. App. 1982), to grant the trial court discretion in invalidating the underlying legal nonconforming use.

Whether it was within the trial court's discretion to refuse to terminate the legal nonconforming use once an illegal change in use had been shown is a purely legal issue we review de novo. *See Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). Put another way, whether the Village was entitled to the termination remedy is a question of law.

*Pewaukee Marina* squarely addressed the appropriate remedy when an owner has enlarged or expanded a legal nonconforming use. There, a marina owner added a retail store and lounge to his existing docking facility. *See Pewaukee Marina,* 187 Wis. 2d at 20, 522 N.W.2d at 537. The marina itself was a legal

nonconforming use. *See id.* The County claimed the expansion violated an ordinance prohibiting the expansion or enlargement of a nonconforming use. *See id.* at 20–21, 522 N.W.2d at 537. After holding that the County had the authority to enact such an ordinance, we addressed the appropriate remedy. *See id.* at 30, 522 N.W.2d at 541. Noting that "the spirit of zoning is to restrict and eventually *eliminate*" nonconforming uses, we confirmed that the remedy for illegal expansion was invalidation of the entire use. *See id.* at 31, 522 N.W.2d at 542.

In the *Hockers* case, on the other hand, there was no assertion that the property owner had changed the nature of the nonconforming use. There, the owner of rental cottages added porches without a valid building permit. *See Hockers*, 106 Wis. 2d at 477–78, 317 N.W.2d at 507. The Village charged the owner with violations of setback requirements, high water setback violations, structural alteration without a permit and enlargement of a nonconforming use. *See id.* at 477, 317 N.W.2d at 506–07. On appeal, the owner claimed the trial court had misused its discretion in ordering removal of the porches. In upholding the trial court's decision, we noted that "[i]njunctive relief is ordered in the discretion of the trial court." *Id.* at 481, 317 N.W.2d at 508. Therefore, the court's order to "remove the ordinance violations" was a proper exercise of discretion. But in *Hockers* there was no allegation that the owner had changed the use. *Hockers* thus never addressed the effect of an illegal change in nonconforming use on the underlying, legal nonconforming use. *Hockers*, then, does not affect our rule in *Pewaukee Marina* that "[t]he violation of the nonconforming use by expansion or enlargement which *changes the use* invalidates the legal nonconforming use as well as the illegal change."

*Pewaukee Marina,* 187 Wis. 2d at 31, 522 N.W.2d at 542 (emphasis added). Finally, we note that *Pewaukee Marina* specifically rejected the remedy Preuss urges here. *See id.* at 30, 522 N.W.2d at 542 (refusing to accept owner's suggestion that "the remedy . . . be that the new uses are ordered halted, but that the prior legal nonconforming uses may remain").

The trial court here erred when it interpreted *Hockers* to give it discretion to fashion the remedy for the illegal change in nonconforming use. The Village has an implied power to restrict nonconforming uses. *See Pewaukee Marina,* 187 Wis. 2d at 22–23, 522 N.W.2d at 538. While such power does not allow a municipality to prohibit existing legal uses through zoning changes, it does afford a municipality the power to eliminate the entire use when an illegal change is attempted. *See id.* at 25–26, 522 N.W.2d at 539–40. "[N]onconforming uses are an anomaly. They are suspect and therefore circumscribed." *Id.* at 29, 522 N.W.2d at 541. Once a municipality has shown an illegal change in use, it is entitled, as a matter of law, to terminate the prior legal nonconforming use as well.

Preuss also argues that his nonconforming use did not change: he has always used the property as his residence and continues to do so, despite the commercial addition. We are not persuaded. Prior to the addition, Preuss' property was exclusively residential. He changed it to a mixed commercial/residential establishment. This was a change in the nonconforming use, just as the addition of the retail store and lounge to the marina was a change in *Pewaukee Marina. See id.* at 27, 522 N.W.2d at 540.

We affirm that part of the judgment ordering Preuss to remove the commercial addition to his prop-

erty. We modify the judgment to terminate Preuss' residential nonconforming use.[3]

*By the Court.*—Judgment modified and, as modified, affirmed.

---

[3] Because we have decided in favor of the Village on the change in nonconforming use ground, we need not address the Village's alternative nuisance argument. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).