TOWN OF CEDARBURG, Plaintiff-Respondent,

v.

Thomas SHEWCZYK and Dorothy Shewczyk,
Defendants-Appellants.

Thomas J. SHEWCZYK and Dorothy C. Shewczyk,
Plaintiffs-Appellants,

v.

ZONING BOARD OF APPEALS OF THE TOWN OF
CEDARBURG, Defendant-Respondent.

Court of Appeals

*No. 02–0902. Submitted on briefs November 7, 2002.—Decided
December 18, 2002.*

2003 WI App 10

(Also reported in 656 N.W.2d 491.)

On behalf of the defendants-plaintiffs-appellants, the cause was submitted on the briefs of *Mark S. Schmitt* of *Maier McIlnay & Schmitt, Ltd.*, Grafton.

On behalf of the plaintiff-defendant-respondent, the cause was submitted on the brief of *Brad M. Hoeft* and *Ralph J. Huiras* of *Huiras, Farrell & Antoine, S.C.*, Port Washington.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. This is an appeal from a summary judgment order regarding three consolidated cases. Thomas J. Shewczyk and Dorothy C. Shewczyk appeal the circuit court's order enjoining them from violating a conditional use permit (CUP) issued by the Town of Cedarburg (Town) and granting forfeiture relief for each day in violation, upholding the Town's denial of their zoning permit application and upholding the Town's decision to defer the Shewczyks' Notice of Appeal before the Zoning Board of Appeals of the Town of Cedarburg (Board of Appeals) until the court had an opportunity to conduct a certiorari review of the denial of the zoning permit application.

¶ 2. The relevant facts are not in dispute. The Shewczyks own and live on a farm in the Town of Cedarburg. Among other structures, the Shewczyks' home and an "outbuilding" are located on the farm. In 1995, the Shewczyks applied to the Town for permission to occupy the outbuilding while their house was being remodeled. The Town issued a CUP, allowing such use for a period of one year. The CUP stated in relevant part:

> This Specific Limited Conditional Use Permit is granted to . . . allow the temporary use of the existing secondary structure on the property for a limited residence under the following conditions:
>
> . . . .
>
> • Two (2) construction plans with details showing compliance with the State Uniform Dwelling Code 1 & 2 Family Dwelling Code shall be submitted.

- Two (2) energy calculations per ILHR 20.09(4)(b) shall be submitted.

- All Building, Plumbing, Electrical, and HVAC Permits shall be applied for, issued, and fees paid.

- All plumbing shall be totally removed from inside the structure and the sanitary lateral to the septic system shall be dug up, disconnected, and capped upon the expiration of the temporary Conditional Use Permit. The sewer lateral shall be field verified prior to backfilling to guarantee disconnection by the Building Inspector or Ozaukee County Sanitarian.

- The structure will be used for living purposes for no longer than twelve (12) months or until the main residential structure is completed, whichever is sooner.

- A Sanitary Permit or approval from the Ozaukee County Sanitarian must be given prior to occupancy of the temporary residence.

- The temporary residence must have all required rough and final inspections completed per ILHR 20.10 & (b), and an Occupancy Permit issued prior to the temporary residential structure being occupied.

This Specific Limited Conditional Use Permit shall remain in effect only as long as the property described above is used as noted herein.

¶ 3. The Shewzyks complied with the conditions of the CUP except for condition number four:

- All plumbing shall be totally removed from inside the structure and the sanitary lateral to the septic system shall be dug up, disconnected,

and capped upon the expiration of the temporary Conditional Use Permit. The sewer lateral shall be field verified prior to backfilling to guarantee disconnection by the Building Inspector or Ozaukee County Sanitarian.

¶ 4. When the Shewczyks completed the remodeling of their house, they applied for a certificate of occupancy. On January 8, 1999, the Town's building inspector denied the Shewczyks' certificate of occupancy based on noncompliance because the Shewczyks had not removed the plumbing from the outbuilding.

¶ 5. In March 1999, following the denial of the occupancy certificate, the Shewczyks applied to the Town for a zoning permit to change the usage of the outbuilding to an accessory use as "servant, laborer and guest quarters, not for rent." The application was denied on April 8, 1999. The Shewczyks appealed the denial to the Board of Appeals. .

¶ 6. The issue before the Board of Appeals was whether the Shewczyks should be denied use of the outbuilding because they failed to comply with condition number four of the CUP. The Town described the situation to the Board of Appeals as follows:

The residence dwelling has now been remodeled and the addition construction completed. The owners either are living in the residence dwelling or intend to move into the residence dwelling. They have requested a zoning permit which would leave the detached building in which they were living during the construction period as is, without complying with the conditions of the special use permit that require removal of the plumbing and disconnection of the septic system and sewer lateral, so that the detached building would remain as is and could be used for whatever purpose the owners desire, including that of a residence dwell-

ing. The Building Inspector denied the owners['] request for a zoning permit because owners failed to comply with the conditional use permit conditions stated. (Emphasis omitted.)

¶ 7. On August 25, 1999, the Board of Appeals affirmed the Town's April 8, 1999 denial of the zoning permit application and thereby denied the Shewczyks' appeal. The Shewczyks then filed a complaint (No. 99–CV-308) with the Ozaukee county circuit court seeking certiorari review of the Board of Appeals' decision.

¶ 8. After the Board of Appeals' decision and shortly before the Shewczyks filed their certiorari complaint, the Town sued the Shewczyks (No. 99–CV-276). The Town sought injunctive relief "to enjoin the unlawful use and violation of [the Town's] conditional use permit." The Town claimed that the Shewczyks "are in violation of the [Town's] zoning ordinance for each day that [they] have not removed the plumbing from inside the second building in accordance with the [conditional use] permits." The Town then asked for forfeitures pursuant to the Town's zoning ordinances of not less than $25 and no more than $500 per day for each day that the Shewczyks failed to remove the plumbing. Finally, the Town sought similar forfeitures under the Town's ordinances because the Shewczyks had "been using the principal structure since April 21, 1999, without having obtained a permit for the use" and "without obtaining a certificate of occupancy."

¶ 9. On September 16, 1999, the Shewczyks filed a second application for a zoning permit for an alternative use for the outbuilding as a "lounge, game room, changing area, washroom, shower, toilet and light food preparation area." On October 12, 1999, the Town's

824

building inspector denied this second application. On November 8, 1999, the Shewczyks appealed this denial to the Board of Appeals.

¶ 10. In response, the Town made known its position that it would defer a hearing on the Shewczyks' appeal before the Board of Appeals until a determination could be made by the circuit court in the certiorari action. On November 16, 1999, the Town filed an action (No. 99–CV-373) in the circuit court requesting a declaratory judgment (1) deferring the Shewczyks' appeal proceedings before the Board of Appeals until a determination by the circuit court of the pending writ of certiorari, (2) affirming the Town building inspector's October 12, 1999 denial of the Shewczyks' second request for a zoning permit, and (3) requiring the Shewczyks to comply with the fourth condition of the CUP to remove the plumbing and disconnect the sewage system in their outbuilding.

¶ 11. Additionally, in July 2000, the Town's attorney sent a letter to the Shewczyks' attorney relating the Town's position on the matter:

> This letter will serve to confirm that we have consulted with the Town regarding whether the Town would permit [the Shewczyks] a hearing before the Zoning Board of Appeals, for denial of [the Shewczyks'] zoning permit to use the building as a recreational facility in addition to the uses which [the Shewczyks] [have] applied for previously.
>
> Please be advised that the Town's position remains unchanged. It is the Town's position that [the Shewczyks'] proceeding before the Board of Appeals should be deferred until a determination can be made by the [circuit] court in the certiorari action of Case No. 99–CV-[3]08, because it is based primarily on the same issue as determined by the Board of Appeals in the first

case. The court's review of the first case should ultimately resolve the second issue.

¶ 12. The circuit court consolidated the three actions discussed above and after hearing oral arguments on the issues, the court entered the following order on January 17, 2002:

**A.** In <u>Case No. 99–CV-276</u>[,]

(1) The Defendants are enjoined from violating the conditional use permit issued by Plaintiff, Town of Cedarburg, and the Defendants shall, within 45 days from the date of this Order, comply with the conditions set forth in the conditional use permit by removing all plumbing from inside the outbuilding structure and the sanitary lateral to the septic system shall be dug up, disconnected and capped. The sewer lateral shall be field verified prior to backfilling to guarantee disconnection by the Building Inspector of the Town of Cedarburg by said due date. The Defendants shall pay a forfeiture of $100.00 per day, plus costs, for every day after said due date while this Order [is] in effect and until the Defendants comply with the terms of this provision of the Order.

(2) Any forfeitures for Defendants' violations under this case shall be addressed by a separate order.

**B.** In <u>Case No. 99–CV-308,</u> the determination and action of the Zoning Board of Appeals of the Town of Cedarburg, upholding the Building Inspector's denial of the zoning permit application made by Thomas J. Shewczyk and Dorothy C. Shewczyk, is hereby upheld.

826

**C.** In Case No. 99–CV-373, the Court declares that deferring Defendants' Notice of Appeal dated November 8, 1999, before the Zoning Board of Appeals of the Town of Cedarburg until the Court conducts a certiorari review in Case No. 99–CV-[3]08, was not improper. The certiorari review in said Case and the subsequent zoning permit application as brought by the Defendants to use the outbuilding structure in its present physical state are subject to the same conditions of removing all plumbing inside of the structure and disconnecting the sewage system as set forth in the conditional use permit.

The Shewczyks appeal.

■

¶ 13. On review of a summary judgment order, we employ the same methodology set forth in Wis. Stat. § 802.08(2) (1999–2000),[1] as do the circuit courts. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Under § 802.08(2), summary judgment shall be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

¶ 14. There are three issues on appeal: First, whether the circuit court erred in enjoining the Shewczyks from violating the CUP issued by the Town and granting forfeitures pursuant to the zoning ordinance; second, whether the circuit court erred in affirming the Board of Appeals' denial of the Shewczyks' zoning permit application; and third, whether the circuit court

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

erred in upholding the Town's decision to defer the Shewczyks' appeal proceedings before the Board of Appeals until after the circuit court conducted a certiorari review of the Board of Appeals' denial of the Shewczyks' zoning permit application.

■

¶ 15. The first issue involves the first of the three consolidated cases. The Shewczyks argue that the Town cannot maintain an action for an injunction and forfeitures because a violation of a CUP does not constitute a violation of an ordinance. They reason that the CUP constitutes a contract and that therefore the Town's remedy for the Shewczyks' noncompliance is limited to damages for breach of that contract. We cannot agree.

¶ 16. Municipalities frequently use conditional or special use permits as a device when implementing zoning laws. 8 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 25.12, at 44 (3d rev. ed. 2000). Moreover, WIS. STAT. § 62.23(7)(a) vests a municipality with the authority to enact ordinances, resolutions or regulations related to the location and use of buildings.[2] The

---

[2] WISCONSIN STAT. § 62.23(7)(a) covers city planning and provides:

> *Grant of power.* For the purpose of promoting health, safety, morals or the general welfare of the community, the council may regulate and restrict by ordinance, subject to par. (hm), the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, mining, residence or other purposes if there is no discrimination against temporary structures. This subsection and any ordinance, resolution or regulation enacted or adopted under this section, shall be liberally construed in favor of the city and as minimum requirements adopted for the purposes stated. This subsection may not be deemed a limitation of any power granted elsewhere.

statute easily incorporates the granting or denial of conditional use permits. In fact, in subsec. (7)(e) of this statute, municipalities are empowered to make special exceptions to the terms of a zoning ordinance.[3] The conditional use permit issued to the Shewczyks falls under this statutory provision. This provision gives the Town the general authority to enact its CUP under the Zoning Chapter of its Code of Ordinances. In this case, the CUP was a special limited conditional use permit under sec. 10–1-11 of the Town's zoning code. This section of the zoning code provides: "Limited conditional uses authorized by Town Board resolution shall be established for a period of time to a time certain or until a future happening or event at which the same shall terminate." TOWN OF CEDARBURG, WIS., ORDINANCE § 10–1-11(c)(4)a. This section further provides: "Limited conditional uses authorized by the Town Board shall not be subject to substitution with other conditional uses, either regular or limited, whether similar type or not, without Board approval . . . ." TOWN OF CEDARBURG, WIS., ORDINANCE § 10–1-11(c)(4)b. In short, conditional use permits are governed by ordinances within the Town's Zoning Chapter of the Code of

---

[3] WISCONSIN STAT. § 62.23(7)(e) provides:

> *Board of appeals.* 1. The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment of a board of appeals, and shall provide in such regulations that said board of appeals may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained. *Nothing in this subdivision shall preclude the granting of special exceptions by the city plan commission or the common council in accordance with the zoning regulations adopted pursuant to this section* which were in effect on July 7, 1973 or adopted after that date. (Emphasis added.)

Ordinances. Thus, noncompliance with the terms of a CUP is tantamount to noncompliance with a Town ordinance.

¶ 17. Finally, the Town's authority to enforce municipal zoning is conferred by Wis. Stat. § 62.23(7)(f), which includes "any ordinance or regulation."[4] Pursuant to this statutory authority, the Town's ordinance, sec. 10-1-176, provides the Town with the remedy to seek injunctive relief to enjoin violations of the Town's zoning ordinance. Since the Town is authorized to seek a statutory injunction to enjoin a violation of its zoning ordinance, there is no requirement for the Town to show irreparable injury to enforce an injunction. *See Forest County v. Goode*, 219 Wis. 2d 654, 682–83, 579 N.W.2d 715 (1998). Furthermore, the CUP is not a

---

[4] Wisconsin Stat. § 62.23(7)(f) provides:

*Enforcement and remedies.* 1. The council may provide by ordinance for the enforcement of this section and of any ordinance or regulation made thereunder. In case of a violation of this section or of such ordinance or regulation such council may provide for the punishment by fine and by imprisonment for failure to pay such fine. It is also empowered to provide civil penalties for such violation.

2. In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted or maintained, or any building, structure or land is or is proposed to be used in violation of this section or of any ordinance or other regulation made under authority conferred hereby, the proper authorities of the city, or any adjacent or neighboring property owner who would be specially damaged by such violation may, in addition to other remedies, institute appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use; to restrain, correct or abate such violation; to prevent the occupancy of said building, structure or land; or to prevent any illegal act, conduct, business or use in or about such premises.

contract because it was not *bargained for.* Rather, the CUP was *issued* under an ordinance. The law provides that the Town has discretion to issue such a permit and the right to seek enforcement of it. The circuit court did not err when it granted the Town's request of an injunction and forfeitures for the Shewczyks' noncompliance with the CUP issued under the zoning ordinance. *Cf. Village of Sister Bay v. Hockers,* 106 Wis. 2d 474, 477, 480, 317 N.W.2d 505 (Ct. App. 1982) (where we held both that "[a] forfeiture may be imposed, to effect compliance and deter violations" and that a trial court had no power to assess less than the minimum forfeiture for a violation of a municipal zoning ordinance).

¶ 18. The second issue involves the second of the three consolidated cases. The Shewczyks filed for certiorari review by the circuit court of the Board of Appeals' denial of their zoning permit application. On certiorari, we review the decision of the board, rather than the circuit court, and our review is limited to the record created before the board. *See State ex rel. Whiting v. Kolb,* 158 Wis. 2d 226, 233, 461 N.W.2d 816 (Ct. App. 1990). We will consider only whether: (1) the board stayed within its jurisdiction; (2) it acted according to law; (3) its action was arbitrary, oppressive, or unreasonable, representing its will and not its judgment; and (4) the evidence was such that the board might reasonably make the order or determination in question. *See id.* "The facts found by the [board] are conclusive if supported by 'any reasonable view' of the evidence, and [the court] may not substitute [its] view of the evidence for that of the [board]." *Id.* (citations omitted).

¶ 19. Upon our review of the Board of Appeals' written findings, conclusions of law, and decision, we hold that the Board of Appeals acted within its author-

ity and reasonably denied the Shewczyks' second zoning permit application based on noncompliance with the CUP issued under the Town's zoning ordinance. We agree with the Board of Appeals that mere expiration or termination of the CUP on August 31, 1998, does not absolve the Shewczyks from compliance with its terms, since the conditions were consideration for granting the CUP by the Town in the first instance. The Shewczyks may not receive the benefits of the CUP for over four years without accepting the burdens of compliance with its terms. It is clear from this record that the circuit court properly affirmed the Board of Appeals' denial of the Shewczyks' second zoning permit application.

¶ 20. The third issue involves the last of the consolidated cases: whether the circuit court erred in upholding the Town's decision to defer the Shewczyks' appeal proceedings before the Board of Appeals until after the circuit court could conduct a certiorari review of the Town's denial of the Shewczyks' first zoning permit application. This issue is readily disposed of because we deem it moot. The circuit court has completed its certiorari review, and thus, the question of whether the circuit court correctly granted relief to the Town by upholding the deferral of the Shewczyks' second request for a zoning permit until the judicial process could complete itself on the Shewczyks' first request is now a moot point given that the judicial process *has* completed itself. The way is now cleared for the Town to address the Shewczyks' latest zoning permit application.

*By the Court.*—Order affirmed.