Henry W. MAIER, Plaintiff-Appellant, †
v.

John R. KALWITZ, Defendant-Respondent.

Court of Appeals

*No. 86–0644. Submitted on briefs August 5, 1986.——Decided October 8, 1986.*

(Also reported in 397 N.W.2d 119.)

† Petition to review denied.

For the plaintiff-appellant, the cause was submitted on the briefs of *Michael A.I. Whitcomb*, in the mayor's office, of Milwaukee.

For the defendant-respondent, the cause was submitted on the briefs of *Grant F. Langley*, city attorney, and *Scott G. Thomas*, assistant city attorney, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J.   This is an appeal from an order granting summary judgment in favor of Alderman John R. Kalwitz (Alderman Kalwitz), president of the City of Milwaukee Common Council. Because there was no factual dispute, both parties argued that as a matter of law, summary judgment should be granted in their favor.

The essential facts are undisputed. On June 11, 1985, the Mayor of the City of Milwaukee, Henry Maier (Mayor Maier), vetoed a resolution adopted by the Common Council (council). Pursuant to sec. 4.23 of the Milwaukee City Charter (charter), the resolution was

then submitted to the council to be reconsidered at "the next regular meeting" scheduled for June 25. Before the resolution could be voted on, however, the June 25 meeting was adjourned. On July 1, when the adjourned meeting was continued, the council voted to adopt the resolution, thereby overriding the Mayor's veto.

Mayor Maier argues that because the veto was not overridden at the next regular meeting on June 25, as required by the city charter, the resolution is void. We disagree and hold that the trial court did not err in granting summary judgment in favor of Alderman Kalwitz.

The issue on appeal concerns the interpretation of charter ordinance sec. 4.23, which sets forth the procedure for mayoral vetoes. Questions of ordinance interpretation are questions of law.[1] When reviewing questions of law, this court need not give deference to the circuit court's decision.[2]

The purpose of statutory or ordinance interpretation is to ascertain and give effect to the intent of the legislative body.[3] In determining legislative intent, first resort must be to the language of the ordinance itself. If it is clear on its face, we will not look outside the ordinance in applying it.[4] In the absence of ambiguity, this court must give the words of the ordinance their ordinary and accepted meaning.[5]

---

[1] *In re J.V.R.*, 127 Wis. 2d 192, 199, 378 N.W.2d 266, 269 (1985).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *DNR v. Wisconsin Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982).

The language of the charter ordinance is clear and unambiguous. Section 4.23 states, in part:

> Every ... resolution ... which shall have been duly passed by the common council, before it shall take effect, and within 5 days after its passage, shall be duly certified by the city clerk, and presented to the mayor for his approbation. If he approves, he shall sign it; if not, he shall return it within 7 days, ... with his objections stated in writing, to the city clerk; and the clerk shall submit said objections to the common council *at their next regular meeting thereafter,* who shall enter said objections upon the record of their proceedings, and shall proceed to reconsider the matter .... [Emphasis added.]

At issue is the interpretation of the phrase "next regular meeting." Mayor Maier contends that the charter clearly and specifically states that a veto must be overridden at the "next regular meeting," and not at an adjourned meeting. Therefore, since the council never voted on the resolution at the next regular meeting on June 25, the resolution is void.

In addition, Mayor Maier claims that the charter prohibits the adjournment of vetoes. We disagree. Nowhere in the charter can language be found prohibiting adjournment of mayoral vetoes. The charter ordinance neither prohibits nor authorizes the adjournment of vetoes. Section 4.23 merely states that the veto must be reconsidered at the next regular meeting, which under *Robert's Rules of Order*[6] (Robert's Rules) can be adjourned.

Under sec. 4.05 of the charter, the council has the power to determine the rules for its own governance and

---

[6] H. Robert, *Robert's Rules of Order Newly Revised,* (S. Robert ed. 1981).

proceedings, provided such rules are consistent with the charter ordinance.[7] The council has done so by adopting *Robert's Rules*,[8] which sets forth adjournment procedure.

Maier contends that these rules conflict with the charter and therefore are invalid. We disagree and find that *Robert's Rules* are not inconsistent with the charter but, rather, address an issue on which it is silent.

While the charter does not provide for adjournments, *Robert's Rules* states that the council can adjourn a regular meeting if a motion is made to fix the time to which to adjourn.[9] In addition, it states that "the effect of this motion is to establish an *adjourned meeting*—that is, another meeting that will be legally a continuation of the meeting at which the motion is adopted and, together with that meeting, will make up one session."[10] (Emphasis in original).

When *Robert's Rules* is read in conjunction with charter sec. 4.23, it becomes clear that the phrase "next regular meeting" refers to the next meeting as a whole, including any adjournments to a date and time certain, and not just the first day of the next regular meeting as Mayor Maier argues. Thus, an "adjourned meeting" is

---

[7] Section 4.05 of the city charter states: "The common council shall determine the rules for their own government and proceedings, provided such rules are consistent with the provisions of ch. 184, L. 1874."

[8] Under Art. V, sec. 9 of the *Milwaukee Common Council Procedures & Rules*, "Robert's Rules of Order shall govern the proceedings of this Council in all cases to which they are applicable, and in which they are not inconsistent with these rules, the City Code, the City Charter, or the laws of the State of Wisconsin."

[9] *See Robert's Rules of Order, supra* note 6, at secs. 21 and 22.

[10] *Id.* at sec. 22 at 209.

still considered part of the "next regular meeting." In applying this interpretation to the facts of this case, we conclude that the council's next regular meeting began on June 25 and ended on July 1. Because the council reconsidered the resolution during this single session of the next regular meeting, its overriding of the veto must be upheld.

Mayor Maier argues that to permit the council to adjourn vetoes would implicitly condone possible future unjustifiable and interminable delays in the legislative process as a result of the council continually adjourning its meetings without taking final action. This argument overlooks the fact that *Robert's Rules* prevents this from occurring.

Under *Robert's Rules*, "[i]f a regular meeting . . . is unable to complete its work, an adjourned meeting can be scheduled for later the same day or some other convenient time *before the next regular session*, by the adoption of a motion to fix the time to which to adjourn.[11] (Emphasis added). Because the council is required to have regular meetings every third Tuesday,[12] the council cannot continue to adjourn without ever taking final action. The council must complete all of its work in the three weeks between scheduled meetings since the rules do not permit an adjournment beyond the date of the next regular meeting.

---

[11] *Id.* at sec. 9 at 79.

[12] Art. I, sec. 1 of the *Milwaukee Common Council Procedure & Rules* states that "regular meetings of the Common Council shall be held every third Tuesday at nine o'clock a.m. . . . ."

Upon the foregoing reasons, we conclude that the trial court did not err in granting summary judgment in favor of Alderman Kalwitz.

*By the Court.*—Order affirmed.