# IN THE SUPREME COURT OF IOWA

No. 124 / 06-1080

Filed January 11, 2008

**STATE OF IOWA,**

Appellee,

vs.

**JOHN THOMAS FINDERS,**

Appellant.

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Sex offender challenges his conviction for violating Iowa's two thousand foot rule arguing the "grandfather" provision of the statute allows him to move within the restricted zone. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and Jennifer Miller, County Attorney, for appellee.

**STREIT, Justice.**

John Finders was convicted of a sexual offense against a minor. Subsequently, the Iowa legislature enacted a law prohibiting convicted sex offenders, whose victims were minors, from living within two thousand feet of a school or child care facility. Initially, Finders was exempt from the law under the "grandfather" provision of the statute. After he moved to a new home, he was convicted of violating the two thousand foot rule. Finders appealed, arguing the grandfather provision should be interpreted to allow convicted sex offenders to move within a restricted zone. Because we find the grandfather provision exempts an individual from the two thousand foot rule only as long as he maintains the residence he had prior to the enactment of the law, we affirm.

## I.     Facts and Prior Proceedings.

In 1999, John Finders was convicted of sexual exploitation by a counselor in violation of Iowa Code section 709.15 (2005). His victim was under the age of eighteen years. As a result of the conviction, Finders was subject to the registration requirements found in Iowa Code chapter 692A. Prior to July 1, 2002, Finders established a residence at 405 South Sixth Street in Marshalltown, Iowa, and properly registered with the sheriff in Marshall County. In 2005, Finders moved to 406 West Boone Street, which is also in Marshalltown. He registered his change of address with the sheriff.

In September 2005, the Marshalltown police department served Finders with written notice that residing at 406 West Boone Street was in violation of residency restrictions found in Iowa Code section 692A.2A (prohibiting a person who has committed a criminal offense against a minor from residing within two thousand feet of child care facilities and schools).

In April 2006, Finders was charged with the crime of violating the sex offender residency restrictions. *See* Iowa Code § 692A.2A(2), (3). He filed a motion to dismiss the trial information arguing the grandfather provision of the two thousand foot rule allowed him to move within a restricted zone without penalty. *See id.* § 692A.2A(4)(*c*). The district court overruled the motion. Finders waived his right to a jury. He was found guilty after a trial on the minutes of testimony. The district court sentenced him to a suspended prison term of two years.

Finders appealed, arguing the district court should have granted his motion to dismiss. For the reasons that follow, we affirm the district court.

## II.  Scope of Review.

We review a district court's ruling on a motion to dismiss for errors at law. *State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006). We accept as true the facts alleged by the State in the trial information and minutes of testimony. *Id.* We will reverse the district court's denial of the motion to dismiss if the facts the State has alleged do not constitute a crime as a matter of law. *See id.*

## III.  Merits.

Finders was convicted of a crime which requires him to comply with Iowa's sex offender registry. *See* Iowa Code § 692A.3. Additionally, Finders is subject to the residency restrictions found in Iowa Code section 692A.2A because his victim was a minor. Iowa Code section 692A.2A(2) states "[a] person shall not reside within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school or a child care facility." However, a person residing within two thousand feet of a school or child care facility does not violate this section if "[t]he person has established a residence prior to July 1, 2002." *Id.* § 692A.2A(4)(*c*).

According to the parties, the crux of this case is whether it is the person or the address that is "grandfathered" in a restricted zone.

When we interpret a criminal statute, our goal "is to ascertain legislative intent in order, if possible, to give it effect." *State v. Conley*, 222 N.W.2d 501, 502 (Iowa 1974). "We consider the object sought to be accomplished and the evil sought to be remedied, and seek a reasonable interpretation that will best affect the legislative purpose and avoid absurd results." *State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990) (citing *State v. Bessenecker*, 404 N.W.2d 134, 137 (Iowa 1987)). " 'When a statute's language is clear, we look no further for meaning than its express terms.' " *State v. Kamber*, 737 N.W.2d 297, 298–99 (Iowa 2007) (quoting *State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001)). If a criminal statute is ambiguous, we resolve any doubt in favor of the accused. *State v. Welton*, 300 N.W.2d 157, 160 (Iowa 1981). Nevertheless, criminal statutes " 'are not to be construed so strictly as to defeat the obvious intention of the Legislature.' " *State v. Nelson*, 178 N.W.2d 434, 437 (Iowa 1970) (quoting *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95, 5 L. Ed. 37, 42 (1820)); *accord State v. Hagedorn*, 679 N.W.2d 666, 669 (Iowa 2004) ("[A]lthough criminal statutes are to be strictly construed in favor of the accused, 'they must be construed reasonably and in such a way as to not defeat their plain purpose.' " (quoting *State v. Peck*, 539 N.W.2d 170, 173 (Iowa 1995))).

Both parties contend the grandfather provision, section 692A.2A(4)(*c*), is ambiguous. A statute is ambiguous if it is "capable of being understood in two or more possible . . . ways." *Merriam-Webster's Collegiate Dictionary* 36 (10th ed. 2002). Section 692A.2A(4)(*c*) states a person does not violate the two thousand foot rule if "[t]he person has established a residence prior

to July 1, 2002." Finders argues the statute emphasizes the "person" rather than the "residence" and thus should be interpreted to allow a person who established a residence in a restricted zone before July 1, 2002 to move within the restricted zone without penalty. The State, on the other hand, argues the statute should be interpreted to mean a person loses his exemption under Iowa Code section 692A.2A(4)(*c*) when he moves to a different residence.

While the grandfather provision is not a model of clarity, we do not find it ambiguous. The provision refers to "a residence," which is a specific place. If the legislature wanted to give a sex offender the discretion to move within a zone, it would have simply required the sex offender to establish "residency" or "any residence" in the zone prior to the law's effective date. Instead, the grandfather provision only applies to a sex offender living in a residence established prior to July 1, 2002. If a sex offender moves to a new residence after July 1, 2002, the grandfather provision plainly does not apply.

Even if we were to accept the parties' premise that the statute is ambiguous, we would not interpret the grandfather clause in contradiction to the legislature's obvious intent. We have previously said the clear purpose of chapter 692A is to reduce the high risk of recidivism posed by sex offenders. *State v. Seering*, 701 N.W.2d 655, 665 (Iowa 2005); *see also Doe v. Miller*, 405 F.3d 700, 716 (8th Cir. 2005) (recognizing the purpose of the two thousand foot rule is to limit the frequency of contact between sex offenders and areas where children are located in order to minimize the risk of reoffense).

Finders argues the legislature created the grandfather provision in order to cap the population of sex offenders living within two thousand feet

of a school or day care facility. According to Finders, interpreting section 692A.2A(4)(*c*) to allow a sex offender who had established a residence prior to July 1, 2002 to move within the restricted zone is consistent with this intent. The fallacy of this argument stems from Finders' misunderstanding of the legislature's intent. With respect to the grandfather clause, we believe the chief concern of the legislature was to avoid the harsh effect of the retroactive application of the two thousand foot rule. As the district court said, "[t]he Iowa General Assembly, in enacting the grandfather provision at issue here apparently recognized the inequity in forcing a registered sex offender who had established a residence prior to the enactment of the residency restriction law to relocate when, prior to the enactment of the law, he was considered to be in compliance with the law."

In interpreting section 692A.2A(4)(*c*) we try to effectuate the purposes of both the two thousand foot rule and the grandfather provision. The two thousand foot rule was intended to prevent sex offenders from living near schools and child care facilities. Although the grandfather provision allows some sex offenders to live in restricted zones, their numbers will reduce by attrition (as the sex offenders die or move out of the zone) until there are no sex offenders living within these areas. We cannot imagine the legislature intended to slow the rate of attrition by allowing sex offenders to move within a restricted zone. Moreover, due to the overlapping of zones, Finders' interpretation of the statute would presumably allow a sex offender to move almost anywhere within some communities. *See Doe*, 405 F.3d at 724 (Melloy, J., concurring in part and dissenting in part) ("In larger cities such as Des Moines and Iowa City, the maps show that the two thousand foot circles cover virtually the entire city area. . . . In smaller towns that have a school or child care facility, the entire town is often engulfed by the

excluded area."). If the exemption applies to the person rather than the address, a sex offender could move out of a zone and then return with impunity. We will not interpret section 692A.2A(4)(*c*) to allow such an absurd result. All sex offenders are presumed to be on notice of the two thousand foot rule. Iowa Code § 701.6. Thus, it is not unfair to require a registered sex offender to comply with the rule once he establishes a new residence.

### IV. Conclusion.

Section 692A.2A(4)(*c*) allows a sex offender who established a residence in a restricted zone prior to July 1, 2002 to remain in that residence in perpetuity. It does not allow that person to establish a new residence within the restricted zone without violating the statute. The district court properly denied Finders' motion to dismiss.

**AFFIRMED.**