VILLAGE OF MENOMONEE FALLS,
Plaintiff-Respondent,

v.

Jason R. FERGUSON, Defendant-Appellant.

Court of Appeals

*No. 2010AP2167. Submitted on briefs February 4, 2011.
—Decided April 27, 2011.*

2011 WI App 73

(Also reported in 799 N.W.2d 473.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel P. Fay* of *Oakton Avenue Law Offices, S.C.*, Pewaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy & Riffle, S.C.*, Waukesha.

Before Neubauer, P.J., Anderson and Reilly, JJ.[1]

¶ 1. ANDERSON, J. Jason R. Ferguson appeals from the circuit court's judgment finding him guilty of violating the Village of Menomonee Falls sex offender residency restriction ordinance (Village Ordinance). VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(1) (2007).[2] The circuit court did not err. We affirm.

## I. Facts

¶ 2. The facts of this case are undisputed. On June 18, 2001, Ferguson was convicted of second-degree sexual assault of a child in violation of WIS. STAT. § 948.02. In October 2003, Ferguson moved to an apartment on Main Street in the Village of Menomonee Falls, which was located within 1500 feet of school facilities for children. Ferguson registered himself as a sex offender and his Main Street address with Wisconsin's Sex Offender Registry. On June 18, 2007, the Village of Menomonee Falls passed a Village Ordinance, which in part provides that "[a]n offender shall not reside within 1,500 feet of real property that supports or upon which

[1] The chief judge of the court of appeals converted this from an appeal decided by one judge to a three-judge panel by order dated March 23, 2011. *See* WIS. STAT. RULE 809.41(3) (2009–10). All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES, § 62–51 was enacted June 18, 2007, and the most recent version, codified through December 20, 2010, remains unchanged. All references to § 62–51 of the VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES are to the 2007 version, under which Ferguson was initially excepted.

there exists ... [a]ny facility for children." VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(1)a.

¶ 3. Also, within the ordinance, is a grandfather clause exception, which, in relevant part, states:

> (3) An offender residing within 1,500 feet of real property that supports or upon which there exists any of the [identified] uses ... does not commit a violation of this section if ... a. The offender is required to serve a sentence at a jail, prison, juvenile facility, or other correctional institution or facility. [or] b. The offender has established a permanent or temporary residence and reported and registered that residence pursuant to WIS. STATS. § 301.45 prior to the effective date of [the residency restriction].

VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(3)a., b. Therefore, because Ferguson was residing at the Main Street residence prior to the enactment of the Village Ordinance, he was excepted from the residency restriction by the ordinance's grandfather clause.

¶ 4. Some time after the enactment of the statute, Ferguson moved from his Main Street residence to a Menomonee River Parkway residence, also located within the Village of Menomonee Falls. Ferguson's Menomonee River Parkway residence is located less than one mile from his former Main Street residence and is also within 1500 feet of public facilities for children.

¶ 5. On December 10, 2008, following Ferguson's change in residence, a Village of Menomonee Falls police detective made face-to-face contact with Ferguson at the Menomonee River Parkway residence and advised him that because of his change in residence, he was now in violation of the Village Ordinance and had

thirty days to vacate the Menomonee River Parkway residence. After the thirty days had passed, the detective again made face-to-face contact with Ferguson at the Menomonee River Parkway residence, and on February 2, 2009, because Ferguson had not vacated the residence, the detective issued him a citation for violating the Village Ordinance's residency restriction.

¶ 6. Ferguson challenged the ordinance violation in Menomonee Falls municipal court; on November 11, 2009, Municipal Judge Bradley W. Matthiesen upheld the citation.

¶ 7. Ferguson appealed the ruling to the Waukesha county circuit court on December 4, 2009. On February 3, 2010, Ferguson filed a motion to dismiss, alleging that although his Menomonee River Parkway residence was within 1500 feet of a child safety zone as prohibited by the Village Ordinance, he was excepted by the ordinance's grandfather clause provisions because he had "established a permanent or temporary residence and reported and registered that residence pursuant to WIS. STATS. § 301.45 prior to the effective date of [the residency restriction]" as provided by VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(3)b. Ferguson argued that the grandfather clause exception, which allowed him to reside in the Main Street residence, also allowed him to reside in the Menomonee River Parkway residence because "an individual does not commit a violation if he has established a permanent or temporary residence and registered that residence" prior to the enactment of the ordinance.

¶ 8. In response, the Village filed a Reply Brief in Opposition to Motion to Dismiss Citation on April 29, 2010. In its brief, the Village agreed that Ferguson's Main Street residence had been excepted by VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES

§ 62–51(c)(3)b. However, the Village argued that once Ferguson moved to the Menomonee River Parkway residence, he lost the protection of the grandfather clause exception in effect for the Main Street residence. The Village argued that the Village Ordinance's grandfather clause excepts only the residence, not the sex offender, and thus Ferguson violated the Village Ordinance when he moved from the excepted Main Street residence to the unexcepted Menomonee River Parkway residence.

¶ 9. The circuit court denied Ferguson's motion to dismiss on May 24, 2010. The court held that the Village Ordinance's grandfather clause exception allowed Ferguson to reside at the Main Street residence. However, the court interpreted the grandfather clause exception to mean that a sex offender is no longer immune if he or she moves to another residence after the ordinance's date of enactment. The matter proceeded to trial.

¶ 10. At trial on July 15, 2010, Ferguson stipulated that he was an offender as the term is used throughout the Village Ordinance. Ferguson also admitted that from December 10, 2008, to the date of the trial, July 15, 2010, he resided at the Menomonee River Parkway residence and registered that residence with Wisconsin's Sex Offender Registry. However, Ferguson argued that although the Menomonee River Parkway residence was within 1500 feet of a child safety zone as prohibited by the Village Ordinance, he was excepted by its grandfather clause. Specifically, because he was an offender "required to serve a sentence at a jail, prison, juvenile facility, or other correctional institution," VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(3)a, and had also "established a permanent or temporary residence and reported and registered that residence pursuant to WIS. STATS. § 301.45 prior to

the effective date of [the residency restriction]." VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(3)b.

¶ 11. In response, the Village noted that the latter half of Ferguson's argument—that his establishment of permanent or temporary residence allowed him to move throughout the child safety zone—had been dismissed by the court at the motion hearing on May 24, 2010, and was no longer at issue. The Village argued that if the court accepted the former half of Ferguson's argument —that his time at jail, prison, juvenile facility, or correctional institution allowed him to move throughout a child safety zone—it would contravene the very purpose of the Village Ordinance and lead to an absurd conclusion.

¶ 12. The court determined that Ferguson's Menomonee River Parkway residence was not protected by the Village Ordinance's grandfather clause exception. The court reasoned that the Village Ordinance's grandfather clause exception does not travel with the sex offender to allow him or her to move wherever he or she wants within the prohibited 1500 foot area. Moreover, the court held that if it accepted Ferguson's argument—that his time at jail, prison, juvenile facility, or correctional institution allowed him to move throughout a child safety zone—it would cause an absurd result by which any offender who was convicted and served time pursuant to any offense listed within the Village Ordinance would be excepted from the ordinance. Therefore, the court upheld the Menomonee Falls municipal court's ruling and found Ferguson guilty of violating the Village Ordinance.[3]

¶ 13. Ferguson appeals.

---

[3] Additionally, the court imposed a fine of $1164 on Ferguson.

## II. Standard of Review

██ ¶ 14. This matter requires interpretation of a municipal ordinance, which is a question of law we ordinarily review de novo. *Board of Regents v. Dane Cnty. Bd. of Adjustment*, 2000 WI App 211, ¶ 12, 238 Wis. 2d 810, 618 N.W.2d 537 (citing *Marris v. City of Cedarburg*, 176 Wis. 2d 14, 32, 498 N.W.2d 842 (1993)). De novo review of an ordinance is especially appropriate when its interpretation will likely have a statewide impact as a result of ordinances in other municipalities with similar language. *See Board of Regents*, 238 Wis. 2d 810, ¶ 12.

 ¶ 15. The rules of interpretation for a municipal ordinance are the same as those for a statute. *State v. Ozaukee Cnty. Bd. of Adjustment*, 152 Wis. 2d 552, 559, 449 N.W.2d 47 (Ct. App. 1989). The objective in interpreting legislation is to reach a reasonable construction that will effectuate the purpose of the legislation at issue. *State ex rel. Melentowich v. Klink*, 108 Wis. 2d 374, 380, 321 N.W.2d 272 (1982). If the language of the ordinance is plain and clearly understood, the court should apply its ordinary and accepted meaning. *See Maier v. Kalwitz*, 134 Wis. 2d 207, 209–10, 397 N.W.2d 119 (Ct. App. 1986).

### III. State Residency Restrictions
### Limit Grandfather Clauses

¶ 16. At issue here is a municipal residency restriction ordinance. *See* VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(1), (3). In Wisconsin, sex offenders must register themselves and their address with the department of corrections, WIS. STAT. § 301.45(1g), (2). However, Wisconsin does not have a sex offender residency restriction statute. Instead, Wis-

consin municipalities are allowed and commonly do enact sex offender residency restriction ordinances. *See generally* CITY OF BROOKFIELD, WIS., MUNICIPAL CODE § 9.34.030 (2011); VILLAGE OF BROWN DEER, WIS., CODE OF ORDINANCES § 34–3 (2010); VILLAGE OF GERMANTOWN, WIS., MUNICIPAL CODE § 9.50 (2010); VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51.

█

¶ 17. Here, the unambiguous language of the ordinance's grandfather clause exception, "[t]he offender has established *a* permanent or temporary *residence* and reported and registered *that residence . . .* prior to the effective date" leads to the inescapable conclusion the exception is for the residence and not the individual. *See* VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(c)(3)b.

¶ 18. This conclusion is supported by reviewing how other jurisdictions have handled similar sex offender residency restrictions. We found particularly persuasive the Iowa Supreme Court's interpretation of an Iowa statute very similar to Menomonee Falls' Village Ordinance.

¶ 19. Iowa's statute prohibited convicted sex offenders from living within 2000 feet of a school or child care facility. *State v. Finders*, 743 N.W.2d 546, 548 (Iowa 2008). Like the Village Ordinance, the statute contained a grandfather clause exemption for sex offenders who established a residence within a prohibited area prior to the enactment of the statute. *See id.* Prior to the enactment of the statute, the defendant was found guilty of a sexual offense against a minor and was subjected to the state's sex offender registration laws. *Id.* at 547. Also prior to the enactment of the statute, the defendant had established a residence within a zone subsequently prohibited by the statute. *Id.* As a result,

the defendant's residence was exempted under the statute's grandfather clause. *Id.* Following the enactment of the statute, the defendant moved to another residence in the same prohibited area, within 2000 feet of a school or childcare facility. *See id.* Because he no longer resided at an exempted residence, the defendant was charged with violating the statute's residency restrictions and was found guilty. *Id.*

¶ 20. On appeal, the Iowa Supreme Court affirmed the lower court's ruling. *Id.* at 550. It held that the grandfather clause exemption within a state sex offender residency restriction statute only exempted an individual sex offender from the statute if the offender maintained the residence he or she had prior to the enactment of the statute. *Id.* It explained its role in interpreting a criminal statute was to "seek a reasonable interpretation that will best affect the legislative purpose and avoid absurd results." *Id.* at 548 (citations omitted). Thus, looking to the language of the statute, it concluded that the grandfather clause exemption applied to sex offenders who established "a residence," meaning a specific residence, and that it did not apply to a sex offender's "residency" or "any residence" for that matter. *Id.* at 549. Therefore, the grandfather clause exemption did not apply to a sex offender who once resided in an exempted residence but moved to a new residence, even if the new residence was within the same prohibited area. *See id.*

¶ 21. The Iowa Supreme Court further explained that if it applied the grandfather clause exemption to the individual instead of the residence, it would cause an absurd result: allowing sex offenders to move in and out of the same prohibited zone with impunity. *Id.* It stated that the purpose of the residency restriction statute was to "reduce the high risk of recidivism posed

by sex offenders," and the 'purpose of the grandfather clause was to "avoid the harsh effect of the retroactive application of the two thousand foot rule." *Id.* If the court were to interpret the grandfather clause exemption to apply to the individual over the residence, it would undermine the purpose behind the residency restriction statute. *See id.*

¶ 22. Similarly, if this court were to interpret the Village Ordinance's grandfather clause to apply to Ferguson as an individual instead of his residence, the purpose of the Village Ordinance would be undermined. The purpose and intent behind the Village Ordinance is to address recidivism "reducing opportunity and temptation" for sex offenders and "to protect children where they congregate or play in public places." VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51(a)(1). To achieve the ordinance's purpose and intent, "certain sexual offenders and sexual predators are prohibited from establishing temporary or permanent residence" in areas around locations "where children regularly congregate in concentrated numbers." Sec. 62–51(a)(2). Several municipalities surrounding the Village of Menomonee Falls passed sex offender residency restriction ordinances with language similar to that of the Village Ordinance, including its grandfather clause exception. *See generally* CITY OF BROOKFIELD, WIS., MUNICIPAL CODE § 9.34.030 (2011); VILLAGE OF BROWN DEER, WIS., CODE OF ORDINANCES § 34–3 (2010); VILLAGE OF GERMANTOWN, WIS., MUNICIPAL CODE § 9.50 (2010).

¶ 23. We agree with the rationale of the Iowa Supreme Court in *Finders*. If we were to interpret the Village Ordinance's grandfather clause exception to extend to an individual sex offender instead of his or her residence, it would lead to an absurd result undermining the very purpose of the Village Ordinance. We

141

will not adopt such an absurd interpretation. Though we could end our discussion here, it is relevant to note that our interpretation of grandfather clauses in Wisconsin zoning ordinances also supports a narrow interpretation of the Village Ordinance's grandfather clause.

## IV. Wisconsin Zoning Ordinances Limit Grandfather Clauses

¶ 24. Although there is no Wisconsin sex offender residency restriction statute or any law on the subject of grandfather clauses in municipal sex offender residency restriction ordinances, such restrictions are similar in nature to zoning ordinances, many of which also contain grandfather clause exceptions. This court has previously held that a zoning ordinance's grandfather clause exception ends once there is a change of use within that zoning area, thus, supporting a narrow interpretation of the Village Ordinance's grandfather clause.

¶ 25. In *Waukesha County v. Pewaukee Marina, Inc.*, 187 Wis. 2d 18, 21, 24, 522 N.W.2d 536 (Ct. App. 1994), this court analyzed a zoning ordinance with a grandfather clause exception in the context of conforming building and premises usage. In *Pewaukee Marina*, a county brought an action against a marina owner for expanding and enlarging the use of his property, which invalidated a county ordinance exception that allowed the owner to maintain the property as a nonconforming use. *Id.* at 20. The marina owner argued that under Wisconsin statute, the county lacked valid authority to invalidate his expansion or enlargement of his marina as an excepted nonconforming use. *Id.* Moreover, he alleged that the expansion or enlargement was valid because the marina's nonconforming use was not changed, but instead, improved. *Id.* The county, how-

ever, alleged that although it lacked statutory authority, the purpose behind the relevant Wisconsin statute was to protect the original use of premises, and thus, the county had implied authority to restrict nonconforming uses of the particular premises under the county ordinance. *Id.* at 22–23.

¶ 26. We held that the county had the power to enact an ordinance that prohibited nonconforming building and premise uses. *Id.* at 20, 24. However, we also concluded that the county could not prohibit nonconforming uses where that nonconforming use existed prior to the enactment of the ordinance. *Id.* at 23–24 (citing *State ex rel. Brill v. Mortenson*, 6 Wis. 2d 325, 330, 94 N.W.2d 691 (1959)). We then reasoned that because the county had the authority to regulate new, prohibited uses in effect after the enactment of the ordinance, the owner's expansion and enlargement of his marina, which changed its excepted nonconforming use, violated the ordinance and was subject to county regulation. *Pewaukee Marina*, 187 Wis. 2d at 20, 24, 27. In short, we concluded that, although a nonconforming use that was established before the enactment of the ordinance is excepted from that ordinance, once that nonconforming use is altered, it loses its protection. *See id.* at 24.

¶ 27. Similar to the underlying purpose of zoning laws, sex offender residency restriction ordinances aim to restrict and eliminate nonconforming uses, i.e., sex offenders residing in prohibited areas. *See id.* at 29 (citing *Waukesha Cnty. v. Seitz*, 140 Wis. 2d 111, 116, 409 N.W.2d 403 (Ct. App. 1987)). Thus, according to *Pewaukee Marina*, if an excepted but nonconforming use is altered, both the once excepted, nonconforming use and the subsequent change of that use are invalid.

143

*Pewaukee Marina*, 187 Wis. 2d at 30–31. "As a matter of law, when an owner of a nonconforming use modifies that use, the municipality is entitled to terminate the entire nonconforming use." *Village of Menomonee Falls v. Preuss*, 225 Wis. 2d 746, 748, 593 N.W.2d 496 (Ct. App. 1999).

¶ 28. In this case, the nonconforming use of Ferguson's Main Street residence—housing a sex offender within an area prohibited by the Village Ordinance—was excepted by the ordinance's grandfather clause until Ferguson modified the excepted, nonconforming use by changing his residence. Therefore, the Village of Menomonee Falls is entitled to restrict Ferguson's nonconforming use and penalize him for violating the Village Ordinance.

¶ 29. We conclude that the circuit court did not err when it denied Ferguson's motion to dismiss and issued a judgment finding Ferguson guilty of violating VILLAGE OF MENOMONEE FALLS, WIS., CODE OF ORDINANCES § 62–51. The Village Ordinance's grandfather clause exception applies to the sex offender's residence, not the individual sex offender. Analogous to this court's jurisprudence on zoning laws, once an excepted nonconforming use alters that use, it is no longer excepted and the municipality has the authority to punish that violation. Therefore, once Ferguson, whose Main Street residence was excepted under the ordinance, changed his residence to the Menomonee River Parkway residence, he lost the protection of the exception and is prohibited from establishing a new residence within 1500 feet of a child safety zone, even within the same child safety zone.

*By the Court.*—Judgment affirmed.